PHINEAS FREEMAN, Survivor, &c. Respondent, *vs.* JAMES CURRAN and WM. B. LAWLER, Appellants.

———

HAYES & SNOW, Respondents, *vs.* Same, Appellants.

———

LYNE, STARLING, ET. AL. Respondents, *vs.* Same, Appellants.

———

A denial of any knowledge or information sufficient to form a belief as to whether a Bill of Exchange made by the Plaintiff and accepted by the Defendants was presented at the place of payment indicated in the Bill, is a denial of an immaterial allegation.

Where a Plaintiff sues as survivor of a Co-partnership, a denial of any knowledge or information sufficient to form a belief as to the survivorship, or as to whether the Plaintiff was one of the copartners, is a denial of an immaterial allegation.

A denial that the Plaintiff is the legal owner and holder of the instrument sued upon, and of indebtedness, simply denies a conclusion of law, and is bad.

Where a complaint contains immaterial allegations, and the answer takes issue upon such allegations, it is doubted that a motion to strike out such denials, where they are coupled with other good matter of defence, would be entertained: otherwise, where the answer is entirely bad.

A motion to strike out an answer, and for judgment, need not be made within twenty days after the service of the answer.

Although, as a general rule, it is too late to move for judgment—notwithstanding the answer—after the action has been noticed for trial, exception will be made to this rule in cases where the answer contains no merits.

WILKINSON, BABCOCK & BRISBIN, for Appellants.

RICE, HOLLINSHEAD & BECKER, for Respondents.

The principles enunciated in the three foregoing cases are identical, and the facts are apparent from the opinion.

*By the Court*—WELCH, C. J.   The Plaintiff brought an ac- in the District Court for the County of Ramsey, on a bill of exchange drawn by Charles P. Freeman & Co. on the Defendants, and payable to the order of Charles P. Freeman & Co. at the office of Carter & Co. Chicago.

The complaint is in the usual form.   It avers, among other things, that the Plaintiff and Charles P. Freeman, since deceased, being partners in business, made their certain bill of exchange, by the name of Charles P. Freeman & Co.: that the bill was duly accepted by the Defendants, and afterwards was duly presented at the office of Carter & Co. and payment thereof demanded and refused ; that the said Charles Freeman is now deceased, and that the Plaintiff, as surviving partner, is now the lawful owner and holder of said bill of exchange.

The Defendants in their answer admit that Charles P. Freeman & Co. made their certain bill of exchange as stated in the complaint, and that the Defendants accepted the bill as averred. The answer then denies any knowledge or information thereof sufficient to form a belief as to whether the bill was presented and payment demanded : as to whether the Plaintiff is surviving partner of the late firm of Charles P. Freeman & Co. : or as to whether the Plaintiff is the lawful owner and holder of the bill, or as to whether the Defendants are indebted to the Plaintiff.

On motion of Plaintiff's counsel, this answer was stricken out, and judgment rendered for the amount claimed in the complaint.   From this judgment the Defendants have appealed to this Court.

The question presented is, whether there was any material issue of fact raised by the answer.

I will briefly examine the denials contained in the answer.

In the first place, Defendants deny any knowledge or information as to the presentment and demand for payment. There was no issue raised by this denial. It was unnecessary to aver or prove a presentment and demand at the office of Carter. If the Defendants had funds at the place of payment, which would have been paid on demand, they might have shown that fact in defence, and that would have relieved them from damages and costs, but not from the debt. 17 *Mass.* 389. 17 *John. R.* 248. 3 *Wend. R.* 1. 13 *Peters R.* 36.

The next denial is as follows : and the said Defendants say that they have no knowledge or information sufficient to form a belief as to whether the Plaintiff is the surviving partner of the late firm of Charles P. Freeman & Co., or as to whether Phineas Freeman was one of the members of that firm.

It will be observed that this part of the answer is evasive and does not directly meet the main allegation in the complaint. This allegation is, that the Plaintiff and Phineas Freeman made their certain bill of exchange by the name of Charles P. Freeman & Co. (Where an answer is put in for the evident purpose of delay, as is shown in this case, not only from the nature of the answer, but also from the fact that no request was made, to file an amended answer, which is always allowed upon affidavit of merits, it is not only proper, but strict justice requires that the party thus attempting to evade the law, should be held to its strict letter.)

Now the allegation of partnership was merely incidental, and was by way of recital merely. It was not necessary to make an averment of partnership in the complaint. It might be necessary to prove that Charles P. Freeman and Phineas Freeman were partners on the trial of an issue raised by a denial that Charles P. Freeman and Plaintiff executed the bill in question, but that main fact—the execution of the bill, is not denied, and consequently is admitted.

Now, it being admitted that Charles P. Freeman and the Plaintiff executed the bill in question, and it being also admitted that Charles P. Freeman is deceased, it is very clear that

Phineas Freeman would have the right to maintain this action, (in fact no other person could do so) even if it could not be shown that he and Charles P. Freeman were partners. It is not necessary, by any means, as counsel in their printed argument assume, that a partnership is always necessary to enable a survivor to sue in his own name. An action can be brought, not only by a surviving partner, but also by any survivor of parties who had a joint legal interest. 1 *Chitty Pl.* 21. In this case the interest of Charles P. and Phineas Freeman was joint, and consequently the survivor, Phineas Freeman could alone bring the action. It was urged upon the argument, that if the Freemans were not partners, the legal representatives of Charles should have been joined with the Plaintiff. This is a mistake, such a joinder would have been a fatal error. The Plaintiff and he alone was authorized to bring the suit. 2 *Mass.* 257.

The next denial is that the Defendants have no knowledge or information as to whether the Plaintiff is the legal owner and holder of the bill, &c.

Under the old practice an issue could not be raised by a denial of this kind. Has the code made any change in this regard? and here I would premise that counsel are mistaken in assuming that under the old system, "it was not necessary for the Plaintiff to aver or prove his interest in a negotiable note or bill." I apprehend no instance can be found in which a Plaintiff in an action upon a negotiable promissory note or bill ever recovered, where he did not aver and prove his interest in such note or bill. The rule, so far as negotiable paper is concerned, is the same now that it always was. The old rule required that the action should be brought by the person having the legal interest. The common law prohibited the assigment of a thing in action. The Courts of Equity, on the other hand, allowed, and protected the assignment. In equity therefore, the assignee could bring a suit upon a demand assigned, while the law looked upon him as having no rights in regard to it, and forbade his appearance in its Courts.

As commerce increased, and more liberal opinions obtained, the common law Courts began to look upon the assignee with some forbearance, and denied the right of the assignor to re-

lease the debt; but they still refused to recognize the right of the assignee to sue. If the assignee sued at law, he was turned out of Court; if the assignor sued in equity, he also was turned out.

The true rule undoubtedly was that which prevailed in equity, that he who had the right, should pursue the remedy.

The Legislature have merely adopted the old rule in equity.

Promissory notes and bills of exchange, however, having been previously assignable by Statute or the law merchant, always were subjected to this rule, and the person bringing suit upon such paper, now as heretofore, must aver, and if disputed , must prove his interest in the same.

But how is this interest to be shown? Undoubtedly by stating facts which show the interest. This is especially true, under the code, as now facts alone must be stated and not legal conclusions.

Now when a Plaintiff states certain facts, which, unless they are contradicted or are confessed and avoided, show that such party has an interest, what necessity is there of going further and stating the conclusion or presumption arising from such statement.

As has been before remarked, the code requires the statement of facts, and facts alone; and therefore the propriety of the old rule of pleading would seem more apparent now than formerly.

From the facts stated in this case, the law presumes that the Plaintiff is the legal owner and holder of the bill, upon which suit is brought. This, in the first instance, is all that he was required to do.

It is urged that although the allegation that the Plaintiff was the legal owner and holder might be immaterial, still, as the Plaintiff saw fit to make it, he could not move to strike out an answer, thus taking issue upon that immaterial averment. This position in a qualified sense is correct, and were a motion made to strike out such an answer, when enough was left to constitute a good answer, it is doubtful whether such motion should be granted; but when the answer is entirely bad, and the motion comprehends the whole answer, there can be no propriety in applying this principle.

It is claimed that a Judge in New York has decided at Chambers, that an issue can be raised, upon a denial of this nature. Such seems to be the fact from the report of the case. The Judge making this decision is probably a very respectable lawyer, but we know nothing of him, except from the ephemeral report of this decision. A decision made by any Judge of New York or any other State, when supported by good sense, and showing evidence of its adherence to well settled legal principles, is, of course, entitled to high respect, otherwise it is entitled to no more regard than the opinion of any other lawyer.

The next and last denial relied upon by Defendants, is a general denial of indebtedness. That such a denial is not good, it being merely a denial of a conclusion of law, has been too often decided to be considered an open question, and I shall pass it without further comment.

It remains to notice one other objection relied upon, to the judgment of the Court below.

It is urged that the motion to strike out the answer and for judgment, was improperly made, as it was not within twenty days after the service of the answer, and not until the cause was noticed for trial.

As to the first branch of the objection and to sustain which, a case is cited from 2 *Sand. S. C. R.*, it is only necessary to say that the decision referred to was made in consequence of a rule of Court in New York, requiring a motion to be made within twenty days. As we have no such rule, it is unnecessary to inquire whether that decision would be applicable, in any event to this case.

The case cited to support the second branch of the objection, *i. e.* that the motion was made after the notice of trial, is, as a general rule, correct. The decision is that by noticing a cause for trial, a party waives the right of moving to strike out redundant matter. But it would be difficult to give any reason, for sending a cause to the jury, when there is nothing for them to pass upon.

When the objections to the answer are merely formal, or when something is left besides the part included in the motion, or when the error is of such a nature that it does not necessa-

rily vitiate the pleading, and may be waived, the rule is a very proper one, but if the answer is good for nothing, if there is nothing in it upon which the Defendant can rely, it is as if there was no answer, and there can be no reason given why the Plaintiff should not have judgment.

Delay can never make a radically defective answer good, and it would be useless and worse than useless to send a cause to a jury when the Defendant has admitted all that the Plaintiff claims.

The rule contended for, when properly applied, is a sensible one, and to prevent frivilous motions, it should be adopted in our practice. In this case, if the Court below had had doubts upon the question presented, it might, without impropriety, have waived a decision : but as that Court saw fit to act, and decided virtually that the material allegations of the complaint were admitted, the question is whether that decision was correct. If the decision was correct, it certainly would be an unheard of thing, to set it aside, because the Court could have declined acting at the time, and when the declining to act could have done no possible good, but would have enabled a party by a mere evasion, to prevent or delay the collection of a debt.

A rule of practice which would lead to such absurd and unjust results, will, I trust, never be adopted by this Court.

We are therefore of opinion that the judgment of the District Court, should be affirmed with costs.