### WALL *v.* ALBERTSON.

There are but two modes in which title to real estate can be put in issue in suits before justices: 1. By pleading, duly supported by affidavit; and 2. By proof adduced upon the trial.

But where it is not put in issue by pleading, as aforesaid, and the justice tries and renders judgment in the cause, and the defendant appeals to the Circuit Court, in the absence of the evidence adduced before the justice, the appellate Court must presume that the justice did his duty, and that the title was not put in issue before him in any way.

If, upon a trial in the appellate Court, the title be put in issue, either by pleading, as aforesaid, or by the evidence, that fact could not deprive such Court of its jurisdiction, or relate back so as to defeat the jurisdiction of the justice.

Where an appeal is taken from a judgment of dismissal of a cause, a motion for a new trial below is unnecessary to render the error available in the Supreme Court.

APPEAL from the *Morgan* Circuit Court.

WORDEN, J.—This was an action of trespass *quare clausum fregit*, brought by *Wall* against *Albertson*, before a justice of the peace. The defendant pleaded *liberum tenementum*. On trial before the justice, the plaintiff had judgment. The defendant appealed, and on trial in the Circuit Court, the title to land coming in question, the Court dismissed the cause for want of jurisdiction in the justice, and the plaintiff excepted. This ruling presents the only question involved in the case.

A justice of the peace has no jurisdiction in any action wherein the title to land shall come in question. But the title to land did not necessarily come in question in this action before the justice. It might or might not. The defendant had the benefit of a denial of the alleged tort without pleading it. The case may have been tried before the justice without any question of title being raised, otherwise than by the

pleadings. The fact that a question of title was raised by the pleading did not oust the jurisdiction of the justice, because the pleading was not sworn to as prescribed by statute. The statute provides that "if the title to land shall be put in issue by plea supported by affidavit, or shall manifestly appear from the proof on trial to be in issue, the justice shall, without further proceeding, certify the cause and papers to the Circuit Court of the proper county, where the same shall be tried." Here are two modes provided, in which it may be made to appear that the title to land is in issue. 1. By pleading, duly supported by affidavit. 2. By proof adduced upon the trial.

The pleading not being verified, the only question is whether, from the proofs adduced before the justice, title to land appeared to be in issue.

There was nothing before the Circuit Court, nor is there before us, to show what the proof was before the justice. We must presume that he did his duty, and, therefore, that it did not appear from the proof before him, that such title was in issue; as, if so, it would have been his duty to decline further action, and certify the cause up. We must, then, consider that title was not put in issue properly by pleading, so as to oust the jurisdiction of the justice, nor by the evidence adduced on the trial before him.

The fact, that on the trial in the Circuit Court, the title to land was brought in issue, could not deprive that Court of its jurisdiction, nor could it relate back and defeat the jurisdiction of the justice, who, we have seen, must be deemed to have had jurisdiction of the cause.

But it is objected that the question is not properly raised, because the evidence is not in the record, and because there was no motion for a new trial. We see no necessity for either. We are informed by the record that the cause was submitted to the Court for trial, and that "the evidence being heard in part, and the title of land coming in question, as

shown by the evidence, the defendant moved to dismiss the action," &c., which motion was sustained, and the action dismissed accordingly. We are not asked to reverse the judgment because the evidence did not show that the title to land came in question; hence there is no necessity for having that evidence before us. We take it for granted that the title came in question in the Circuit Court, but do not think it therefore follows, that the suit should have been dismissed for want of jurisdiction in the justice, as the title may not have come in question before him. Nor was there any necessity for a motion for a new trial. Indeed, a motion for a new trial would have been somewhat out of place, where there has been no finding or verdict, but the cause dismissed on motion.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*W. R. Harrison*, for appellant.

*C. C. Nave*, for appellee.