BOGGESS *v.* DAVIS.

PRACTICE.—*Interrogatories.*—The answers made by a party under oath to inter-
rogatories propounded by the opposite party, as provided by section *303* of the
code (2 G. & H. 189), cannot be used by the court on a motion to strike out
a pleading as a sham which is good on its face. Such answers can be used only
on the trial, and then only at the option of the party who has required them.

APPEAL from the Marion Common Pleas.

PETTIT, C. J.—Suit by Davis, assignee of Burnam, against
Boggess, on a promissory note (not payable in bank). The
defendant answered that the note was given without any
consideration. Reply of general denial; and with it the fol-
lowing interrogatories were filed for the defendant to answer
under oath :

"First. What was the consideration for which the note
sued on in this action was executed?

"Second. If the note was executed without any consid-
eration, how came the defendant to execute it? What were
the inducements therefor? Tell all about it.

"Third. Was not the note executed by the defendant on
the 8th day of April, 1869, in consideration of money paid
to him on the 5th of April, 1869?

"Fourth. Was not the note executed to secure money
loaned to defendant by the plaintiff's assignor?"

To the first question, the defendant answered, "There
was no consideration, as I am advised and believe. The
facts are stated fully in answer to the next interrogatory."

To second interrogatory, the defendant answered, that on
or about the 5th day of April, 1869, defendant bargained to
one L. W. Burnam, the payee of said note, a farm in Shelby
county, of the value of about seven thousand dollars; that
defendant was to receive therefor about fifteen hundred dol-
lars in money, and certain wild lands in Indiana, Minnesota
and Wisconsin; that said Burnam fraudulently and falsely
represented that he had a good title to said wild lands, and
that the same were good lands; that defendant had never
seen said lands, and relied on said representations; that after

defendant had conveyed said Shelby county farm to said Burnam, he ascertained that said Burnam had no title, at least to many of said lands, that the same had been sold for taxes; and that the defendant had been grossly defrauded in said trade; that the defendant demanded a rescission of said trade of said Burnam, which he refused; that defendant executed said note to procure a rescission of said fraudulent and pretended title of said Burnam to said Shelby county farm, and for no other consideration; that by reason of said fraud and said demands for a rescission, said Burnam had no title; and so defendant says there was no consideration for said note.

The third interrogatory was answered, " no " ; and the same answer was given to the fourth interrogatory. Thereupon the plaintiff withdrew his reply to the defendant's answer, and moved the court to strike out the defendant's answer, "because the same is a sham, as shown by the defendant's answers under oath to the interrogatories of plaintiff filed herewith;" and moved the court upon said answer being stricken out, to render judgment in his favor, for the amount of the note and interest sued upon in this action. And the court sustained said motion, and defendant excepted; and the court thereupon rendered judgment for the amount of the note and interest (five hundred and twenty-four dollars), to which the defendant excepted, and prayed an appeal; which was granted, &c. The errors assigned are, first, that the court erred in striking out the answer; second, that the court erred in rendering judgment in favor of the plaintiff.

The answer was not sham on its face, nor do we think that the answers of the defendant to the interrogatories show it to be so, even if the court could have looked into them before the trial, but which we think could not have been done till the trial, and then only at the option of the party requiring them. 2 G. & H. 189, sec. 303.

In sustaining the motion of the plaintiff to strike out the defendant's answer, the court erred, and for it the judgment must be reversed.

Judgment reversed, at the costs of the appellee. Cause remanded for further proceedings.

ON PETITION FOR A REHEARING.

PETTIT, C. J.—The only question of any importance decided in this case is, that answers to interrogatories cannot be used by the court on a motion to strike out an answer as a sham, which is good on its face. The answers can only be used on the trial. 2 G. & H. 189. sec. 303. Since deciding this case we have again had this question before us, and have reaffirmed the same doctrine, and are satisfied with it.

The petition is overruled.

*A. G. Porter, B. Harrison,* and *W. P. Fishback,* for appellant.
*J. S. Harvey,* for appellee.