*J. Davis, J. B. Julian,* and *J. F. Julian,* for appellants.

*J. W. Sansbery,* for appellee.

---

## Mooney and Another *v.* Musser and Others.

PLEADING.—*Counter Claim.*—Suit on an account for advancements made by the plaintiff as factor of the defendant, upon a quantity of leather consigned by the plaintiff to the defendant for sale. Answer, that the plaintiff was acting as factor of the defendant, and as such had in his possession a certain large quantity of the defendant's leather of a certain value; that before that time the plaintiff had been instructed by the defendant not to sell said leather for less than thirty cents per pound over and above all costs and charges; but that in violation of such instruction, the plaintiff sold said leather for thirty cents per pound, subject to all costs and charges, wherefore the price of the leather was reduced to twenty cents per pound, above costs and charges; and the answer claimed damages in a certain sum as a counter claim, asking judgment, &c.

*Held,* that the answer set up a good counter claim.

INTERROGATORIES.—*How Used.*—The answers of a defendant under oath to interrogatories propounded to him by the plaintiff, under section 303 of the code, cannot be used in support of a motion to strike out an answer of general denial.

APPEAL from the Marion Civil Circuit Court.

PETTIT, C. J.—This suit was brought by the appellees to recover a balance upon an account stated, which it was alleged had accrued to them as factors of the appellants, for

advancements made upon certain large quantities of leather consigned to them by the appellants for sale.

The appellants answered in three paragraphs, first, by general denial; second, by counter claim; third, by set-off. The second paragraph is, in substance, that the plaintiffs were acting as factors of the defendants and as such had in their possession a large quantity of the defendants' leather, to wit, twelve thousand pounds, and of the value of four thousand dollars; and that before that time the plaintiffs had been instructed by the defendants not to sell said leather for less than thirty cents per pound over and above all costs and charges, but that in violation of such instructions, they sold the same for thirty cents per pound, subject to all costs and charges, wherefore the price of the leather was reduced to twenty cents per pound above costs and charges; and they claimed damages of twelve hundred dollars, which they set up as a counter claim, asking judgment, &c.

The third paragraph is the same in substance as the second, setting up the same subject-matter as in the former, and by way of set-off. Separate demurrers, for want of sufficient facts, were sustained to these paragraphs.

We cannot conceive of a better counter claim, nor one better pleaded, than the second paragraph sets up; and the court erred in sustaining a demurrer to it. How it might be avoided by a proper reply is not for us to say, but the answer upon its face is clearly good. If it had not been thus set up, the defendants could never have maintained suit upon it except at their own costs. 2 G. & H. 91, sec. 59; *Id.* 92, sec. 60; *Woodruff* v. *Garner*, 27 Ind. 4. The third paragraph we hold to be a duplicate, in substance, of the second, and it might, for that reason, have been stricken out on motion, and as the same result was reached by sustaining the demurrer to it, we cannot say that the action of the court in this respect was such an error as the appellants have a right to complain of.

There were interrogatories filed by the appellees and answered by the appellants, and on the filing of the answers,

the court, on the motion of the appellees, struck out and set aside the general denial. This was error. The general denial is not sham pleading on its face, and the court cannot use answers to interrogatories to show it to be such. They can only "be used, or not, on the *trial,* at the option of the party requiring them." 2 G. & H. 189, sec. 303. See *Boggess* v. *Davis,* decided at this term, *ante,* p. 82.

The judgment is reversed, at the costs of the appellees, with instructions to the court below to overrule the demurrer to the second paragraph of the answer, and the motion to strike out the first paragraph of the answer, and for further proceedings.

BUSKIRK, J.—I disagree with this opinion so far as it relates to striking out the first paragraph of the answer for the reason stated.

*J. E. McDonald* and *E. M. McDonald,* for appellants.
*U. J. Hammond* and *L. Howland,* for appellees.