## NELSON *v.* CAIN ET AL.

PRACTICE.—*Interrogatories to Party.—Sham Pleading.*—The answers made by a party under oath to interrogatories propounded by the adverse party, under section 303 of the code, cannot be examined by the court, for the purpose of sustaining a motion to strike out, as a sham pleading, a pleading which is good on its face; nor can the Supreme Court examine such answers, for the purpose of affirming such action of the lower court.

APPEAL from the Madison Common Pleas.

BUSKIRK, J.—This was an action by the appellees against the appellant upon a promissory note.

The appellant filed an answer consisting of two paragraphs.

1. General denial.

2. Payment.

The appellees filed certain interrogatories, which the appellant, under the order of the court, answered. The appellant was required to answer in regard to the consideration, and

what payments he had made on the note in suit. In his answer he stated the consideration, and that he had made no payments on the note. When the answers to interrogatories were filed, the appellees moved the court to reject the answer filed by the appellant, upon the ground that the answer was shown by the answers to the interrogatories to be a sham answer. The court sustained the motion, and rejected the answer, and rendered a final-judgment on the note for the want an of answer.

The appellant has assigned for error the rejection of the answer.

It was held by this court in *Boggess* v. *Davis*, 34 Ind. 82, that the answers made by a party under oath to interrogatories propounded by the opposite party, as provided by sec. 303 of the code, 2 G. & H. 189, cannot be used by the court on motion to strike out a pleading as a sham which is good on its face. Such answers can be used only on the trial, and then only at the option of the party who has required them.

A petition for a rehearing in the above case was overruled, upon mature consideration, and the ruling in that case has been followed in several subsequent cases. *Mooney* v. *Musser*, 34 Ind. 373 ; *Raleigh* v. *Tossettel*, 36 Ind. 295.

Counsel for appellees admit that the ruling of the court was erroneous, but insist that the judgment should not be reversed for such error, because it appears that the appellant was not injured by such ruling. This court certainly has no greater right to examine the answers to the interrogatories, to determine whether the substantial rights of the appellant were injuriously affected by the ruling of the court below, than the court below had to examine them to determine whether the pleading was sham.

Besides, the general denial cannot well be regarded as sham in any case ; for the existence of such answer renders necessary the production, in court, upon the trial, of the note or instrument upon which the action is based ; which is fre-

quently a matter of importance. The court erred in reject-ing the answer.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to grant a new trial, overrule the motion to reject the answer, and for fur-ther proceedings in accordance with this opinion.

*W. R. Pierse* and *H. D. Thompson,* for appellant.

*M. S. Robinson* and *A. W. Thomas,* for appellees.