DANIEL B. VERMILYE *vs.* MARY C. VERMILYE.

April 3, 1884.

**Appeal—Striking-out Order.**—An order striking out portions of a pleading is appealable; otherwise of an order refusing to strike out.—[REP.

---

December 2, 1884.

**Divorce—Custody of Children.**—In an action for divorce, when one of the issues to be determined is who shall have custody of the children, it is proper to insert in the pleadings allegations of fact pertinent to that issue.

**Same—Pleading.**—But these should be only statements of issuable facts, and not of mere evidence.

Action for divorce, brought in the district court for Ramsey county, the plaintiff asking also the sole custody of the infant child of the parties. The answer, among other things, charges plaintiff with various acts of misconduct in business transactions, and with making false charges of adultery against defendant, for the purpose of extorting money and property from the person falsely charged to be her paramour. On plaintiff's motion, an order striking out these allegations was made by *Brill,* J., and the defendant appealed.

The cause being on the calendar at April term, 1884, the plaintiff moved to dismiss the appeal. The motion was denied, the following opinion being filed, April 3, 1884.

"*By the Court.* An order striking out portions of a pleading is appealable,—following *Starbuck* v. *Dunklee,* 10 Minn. 136, (168,) and *Kingsley* v. *Gilman,* 12 Minn. 425, (515,)—though an order refusing to strike out on the ground of irrelevancy and redundancy is not.

"Motion denied."

The appeal was argued on the merits at the October term, 1884.

*Bigelow, Flandrau & Squires,* for appellant.

*O'Brien & Wilson,* for respondent.

MITCHELL, J. In an action for divorce, where one of the issues to be determined is, who shall have custody of the minor children, it

is proper to insert in the pleadings allegations of fact pertinent to that issue; as, for example, the unfitness of the other party. But in this, as in every other case, the pleading should contain a statement only of issuable facts, and not of mere evidence. The facts required by the Code to be stated are issuable facts, essential to the cause of action or defence, and not those which merely go to establish such essential facts. This is now the universal rule, whether the action be one which under the former practice would have been an action at law or one in equity. Of course, from the nature of the case, the same brevity of statement is not usually attainable in the latter class of cases as in the former, but in neither case is it proper to plead mere evidence. *Knowles* v. *Gee*, 8 Barb. 300. The old chancery practice of pleading mere matters of evidence which might be material in establishing the general allegations of the bill is not now proper under the Code. The case of *Goodrich* v. *Parker*, 1 Minn. 169, (195,) cited by appellant, which seems to hold otherwise, was decided soon after the passage of the act of March 5, 1853, abolishing the distinction between pleadings in actions at law and in equity, and makes no reference to the change made by that act. The case would not now be followed as authority on that point.

In the case at bar some of the allegations stricken out of the answer were clearly irrelevant. The others were at least redundant, being, at most, mere matters of evidence tending to prove that plaintiff was not a fit person to have custody of his child. They were, therefore, all properly stricken out. This is the only question before us, the defendant having voluntarily answered, and the appeal being from the order striking out portions of the answer.

Order affirmed.