SCHOTTENFELS *v.* MASSMAN ET AL.

*Error proceedings—Motion to dismiss—Necessity of motion for new trial in court below—Purpose of motion to strike from files—Sham and false pleading—Proof to support motion.*

1. A motion to dismiss a petition in error in this court for the reason that no motion for a new trial was filed in the court below will be overruled where there was no trial on the issues in the lower court.

2. The office of a motion to strike a pleading from the files is not to inquire into the merits of the case, but goes only to the regularity of the filing or to the form of the pleading.

3. It is error for a trial court, upon affidavit furnished by defendant, to grant a motion to strike the petition from the files on the ground that "said petition is a sham and the allegations of the petition are untrue."

(Decided December 12, 1921.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Lorbach & Garver* and *Mr. Thos. L. Tallentire,* for plaintiff in error.

*Mr. Wm. M. Fridman* and *Messrs. E. C. & C. A. Reemelin,* for defendants in error.

HAMILTON, P. J. The defendant in error moves

to dismiss the proceeding in error for the reason that no motion for a new trial was filed in the court below.

The action below was to marshal liens on certain real estate described in the petition, setting up a judgment lien. Defendant in error, who was defendant below, moved to strike the petition from the files on the ground that "said petition is a sham and the allegations of the petition are untrue." Affidavits as to the facts of the petition were filed by the defendant, and, upon the affidavits, the court granted the motion to strike the petition from the files. To this granting of the motion, the plaintiff in error prosecutes error to this court.

The motion to dismiss the petition in error will be overruled. There was no necessity for a motion for a new trial, since there was no trial on the issues. If the case had been heard on the merits, and the issues involved the weight of the evidence, the motion for a new trial would be necessary. But the sole question here is whether the court properly applied the law on the motion to strike, and the absence of a motion for a new trial is not material. *State* v. *Wirick,* 81 Ohio St., 343; *Wall* v. *Albertson,* 18 Ind., 145; *Metsker* v. *Whitsell,* 181 Ind., 126; *O'Connor* v. *Koch,* 56 Mo., 253, and *Butterfield* v. *Butterfield,* 187 S. W. Rep., 295.

While the case is here principally on the motion to dismiss the petition in error, the whole matter has been gone into and we dispose of the error proceedings on the merits. An examination of the record discloses that the action of the court in sustaining the motion to strike the petition from the files was reversible error. The office of a motion to strike a pleading from the files only goes to the reg-

ularity of the filing, or to the form of the pleading, and its office is not to inquire into the merits of the case, either in law or in fact. This has been so well settled that it is practically fundamental.

The petition below set up a good cause of action, properly filed, and in proper form, and it is necessary to meet the issue by pleading and trial on the merits. *Finch* v. *Finch,* 10 Ohio St., 501; *Hamilton, Glendale & Cincinnati Traction Co.* v. *Parish,* 67 Ohio St., 181, and *Black* v. *Goodman, Jr., Trustee,* 12 C. C. (N. S.), 287.

For error in granting the motion to strike the petition from the files the judgment will be reversed, and the cause will be remanded with instructions to reinstate the petition and for further proceedings.

*Judgment reversed, and cause remanded.*

CUSHING and BUCHWALTER, JJ., concur.