## LORINE LONG v. MUTUAL TRUST LIFE INSURANCE COMPANY.[1]

No. 29,695.

March 9, 1934.

[1]Reported in 253 N. W. 762.

*Walter E. Woolf* and *Ben Palmer*, for appellant.
*Elof J. Carlson*, for respondent.

*DEVANEY, Chief Justice.*

Appeal from an order striking a complaint as sham and dismissing plaintiff's action. Only two questions are presented:

(1) Is the foregoing order an appealable order? (2) Has the trial court power to strike a complaint as sham?

■ It is settled law that plaintiff cannot appeal from that part of the order dismissing her action, for an appeal will not lie from an order of dismissal but only from the judgment entered pursuant thereto. Thorp v. Lorenz, 34 Minn. 350, 25 N. W. 712; Gottstein v. St. Jean, 79 Minn. 232, 82 N. W. 311. But the part of the order striking the complaint as sham is appealable, as such is an order striking a pleading or portion of a pleading. Vermilye v. Vermilye, 32 Minn. 499, 18 N. W. 832, 21 N. W. 736; Harlan v. St. P. M. & M. Ry. Co. 31 Minn. 427, 18 N. W. 147.

■ 2 Mason Minn. St. 1927, § 9259, provides:

"Sham, irrelevant, or frivolous answers, defenses, or replies, and frivolous demurrers, may on motion be stricken out, or judgment rendered notwithstanding the same, as for want of answer or reply."

This is the only provision of our pleading code which authorizes the striking of sham pleadings. By its language it refers only to answers, replies, and demurrers. It does not include complaints. While at common law the courts may have had the inherent power to strike complaints as sham, the entire subject of pleading is now embodied in our code. The purpose of the code was to establish uniformity and to furnish a readily understandable and accessible means of procedure. We do not feel that we can disregard this provision of the code and strike the complaint as sham when this section of the code does not include complaints in the specific enu-

meration of pleadings which may be so stricken. If we were to disregard the code in this respect, we would be free to disregard it in others. The whole purpose of the code would then be defeated.

It was held in Monitor Drill Co. v. Moody, 93 Minn. 232, 100 N. W. 1104, that a counterclaim could be stricken as sham, but this was only on the theory that the counterclaim was an "answer" within the above quoted provision of the code. Other courts in states where the code has been adopted have held, in accord with the view we are here taking, that a complaint cannot be stricken as sham. Lowe v. Thompson, 86 Ind. 503; Schottenfels v. Massman, 16 Ohio App. 78; cf. Fettretch v. McKay, 47 N. Y. 426. We perceive that defendant might have succeeded in raising the question which he here attempts to raise by putting in a timely answer and then moving to strike the reply as sham. We make no attempt at this time to pass on the merits of this case.

Reversed.

On Application For Reargument.

On April 6, 1934, the following opinion was filed:

*DEVANEY, Chief Justice.*

We stated in the opinion that the part of the lower court's order dismissing plaintiff's action was not appealable. On that basis defendant contends that the action still stands dismissed in the lower court. In this he is in error. Where an order is in part appealable, this court can review the entire order. Here this court obviously intended to do just that. The only occasion for our discussing the appealability of these two parts at all was defendant's insistence that the entire order was nonappealable.

We are of the opinion that the part of the order dismissing the action was improperly and inadvertently made and was inserted in the order by the trial court merely as another way of stating the result he wished to reach, namely, to strike the complaint as sham. It is to be noted that the part of the order dismissing the action was made by the court on its own motion and not at defendant's request. Defendant made no motion to dismiss but only to strike the complaint as sham. Dismissals are governed by 2 Mason Minn.

166

St. 1927, § 9322, all other forms of dismissal not provided therein being abolished. Nowhere in that statute is the court given power to dismiss on its own motion except upon the trial of the case and before final submission. Subd. 3. In all other cases the court may dismiss only at the request of one of the parties. This was not a situation where the case was in the course of trial, for here the motion and order were made even before all the pleadings were in. Consequently, the trial court could not in this case dismiss on its own motion and was in error in including such in his order to strike as sham. So, for further clarity, it is ordered that the order appealed from is reversed with instructions to the trial court to reinstate the complaint. Statutory costs are allowed to appellant.

Petition for reargument denied.

