# No. 15,067.

## KULLGREN *v.* NAVY GAS AND SUPPLY COMPANY ET AL.

(149 P. [2d] 653)

Decided May 1, 1944.

332

Mr. WILLIAM H. SCOFIELD, Mr. EARLE F. WINGREN, Mr. ROBERT L. McDOUGAL, for plaintiff in error.

Messrs. VAN CISE, ROBINSON & CHARLTON, Mr. FRED E. NEEF, for defendants in error.

MR. JUSTICE HILLIARD delivered the opinion of the court.

THIS is a suit in behalf of a corporation by one of its stockholders. The corporation and its directors and officers are parties defendant. As against the individual defendants there were allegations of mismanagement, based whereon plaintiff asked judgment for an accounting to the corporation and other relief in its interest. Authority of the stockholder to maintain the suit in behalf of the corporation found predicate in allegations that its directors and officers, although requested to proceed in the regard indicated, had refused. Three of the defendants, proceeding "individually, and as officers and directors" of the corporation, and denominating the complaint as "sham," filed a motion to dismiss the cause, the basis of which was that during the time of the alleged wrongdoings of the moving defendants, plaintiff himself was a director, and part of the time was secretary of the corporation, and, if wrong obtained, plaintiff was cognizant thereof, participated therein, and at appropriate times voted to approve and ratify the several acts of which he subsequently complained. The motion was supported by affidavits and exemplified

copies of corporation records claimed to be pertinent. Plaintiff, while insisting that the issues were not triable in the informal manner attempted, nevertheless filed a lengthy affidavit in denial and explanation. The motion was granted, and judgment of dismissal, and for costs against plaintiff, was entered. That confusion may not attend, we call attention to the fact, that, controlling dates considered, the cause, as emphasized by defendants in error, is "governed by the Code rather than by the new Rules." Therefore, the motion under consideration, was not of the nature of a motion which, under the new rules, takes the place of a demurrer for want of facts under our original Code of Civil Procedure.

We think error obtained: First, because the premise on which the trial court ordered dismissal of the complaint, is unsound; and, second, the verity of facts alleged in a complaint may not be resolved on affidavits, or other showing informally made, nor, the Code of Civil Procedure controlling, as here, may its legal sufficiency be challenged by motion.

1. The finding of the court on which it based its order of dismissal of the complaint, is in part as follows: "If the defendants named in this case are wolves, as the plaintiff so vigorously contends, then the plaintiff was running with the pack; and if the corporation has been hamstrung, the tooth marks of the plaintiff, along with those of the defendants, will be found in the flank of the victim. If they are thieves, as plaintiff strongly urges, then they are all thieves together, and a court of equity will not undertake to adjust equities between thieves." However the court's determination might be regarded had plaintiff been seeking personal relief against defendants, we cannot think it is sound in a situation, where, as here, the only judgment sought is in behalf of the corporation. Based on the implication that the three moving defendants and plaintiff are "thieves together," the conclusion that they all stand absolved from liability to the corporation is violative

of the rule. On the contrary, the result of the implied finding is that all — the three defendants and plaintiff — are beholden to the corporation. The doctrine is well stated in an opinion by the Supreme Court of Pennsylvania, from which we quote: "Appellant contends that the complaining stockholder is not entitled to relief because he participated in the wrongful acts complained of. The court below found as a fact that he did not ratify or approve these acts; but the contention may be disposed of on a broader ground. When a stockholder, as a director of the company, participates in an act prejudicial to the interests of nonparticipating stockholders, and later recants, making an effort to correct the wrong, a court of equity will not deny relief, but will compel the directors to do justice in the interests of all stockholders. The relief thus accorded is not personal, and the inquiry should be whether the interests of the stockholders as a whole have been prejudiced by the wrongful act. The complaining stockholder, however, by his act does not secure immunity or exemption from liability for any injury to which he has been a party." *Franklin National Bank v. Kennerly Coal & Coke Co.*, 300 Pa. St. 479, 150 Atl. 902. See, also, *Fitzgerald v. Fitzgerald & Mallory Construction Co.*, 41 Neb. 374, 59 N.W. 838.

2. In the terminology of the Code of Civil Procedure, only in relation to an answer to a complaint is the word "sham" employed. "Sham and irrelevant answers and defenses, and so much of any pleading as may be irrelevant, redundant, immaterial or insufficient may be stricken out, on motion, on such terms as the court in its discretion may impose." Code, §66. What a complaint shall contain is defined in section 55 of the Code, and for reasons appearing upon its face, a complaint may be challenged for sufficiency by demurrer. Code, §56. If not so appearing, the challenge may be by answer. Code, §60. In the absence of statute, the rules relating to sham answers may not apply to a complaint.

49 C.J., p. 137, §141. When a pleading is not sham on its face, as to that quality the court may not look into it "before the trial." *Boggess v. Davis,* 34 Ind. 82; *Mooney v. Musser,* 34 Ind. 373. Counsel for the three moving defendants cite *Eastenes v. Adams,* 93 Colo. 258, 25 P. (2d) 741, and urge that it is controlling here; but we do not think it applicable. The limitation of that case is well stated by Mr. Justice Knous in *Midwest Fuel & Timber Co. v. Steele,* 111 Colo. 458, 142 P. (2d) 1011. There, we announced that the "prevailing rule" is that stated in 41 American Jurisprudence, page 533, section 355, which reads: "On a motion to strike on the ground that a pleading is sham, it is not the province of the court to determine the veracity of the respective parties; that is a question of fact to be determined on the trial. The duty of the court is to determine whether an issue of fact is presented, not to try the issue." The subject is discussed in *Gordon v. Brotherhood,* 109 Colo. 347, 125 P. (2d) 140. In the *Eastenes-Adams* case, as is further seen, defendants did not rely alone on their motion to dismiss, as here, but filed a general demurrer as well. The trial court there denied the motion, but sustained the demurrer. On plaintiff's election to stand on her amended complaint to which the demurrer was sustained, the action was dismissed. In affirming the judgment thus predicated, our concluding words were: "The trial court properly sustained the defendants' demurrers, and was right in dismissing the case."

Let the judgment be reversed, the court to order denial of motion to dismiss. The court will grant leave to all parties to demur, amend, plead further and move as advised.

*On Petitions to Modify Opinion and for Determination of a Demurrer.*

Mr. Justice Hilliard.

The three defendants in error whose motion to dismiss was granted below by an order which we have reversed, take exception to the quoted matter set out in paragraph numbered 1 of our opinion, and, proceeding on the theory that it reflects unjustly upon both plaintiff in error and the moving defendants in error, and "is not believed to be necessary to the opinion," move for modification. On re-examination, we conclude that the quoted language to which petitioners object, constitutes the basis of the trial court's order, and which we did not approve. It is urged that the challenged language is "not based upon any evidence." Quite true; but it does not purport to be so based. The trial judge was addressing himself to the situation resulting from plaintiff's allegations of mismanagement of certain officers and directors of the corporation involved, and countercharges which they, proceeding by affidavits and otherwise informally, made against plaintiff. For the purpose of his decision, the trial judge did indulge a bit of emphasis as he analyzed allegations of the parties pro and con, but did not find any of them guilty of anything, nor does the quoted language so import. The sum of his holding was that, allegations considered, the opposing parties had succeeded in disqualifying each other for the right to equitable relief. Our principal holding, as sufficiently appears from the opinion, is, that the trial judge should not have determined the legal sufficiency of the complaint on an attack predicated on alleged facts made to appear aliunde. It is pertinent to observe that in their brief in support of the trial judge's determination, counsel, who now urge modification, quoted much of the very matter they ask to have eliminated from the opinion. We cannot think merit attends their petition to modify.

Counsel, calling attention to the situation as to another defendant in error, who, instead of joining in the motion to dismiss, filed a general demurrer, in relation to which the trial court refused to make determina-

tion, petition us to pass upon that demurrer. We do not regard such action to be our duty, initially. The reversal which we have ordered, makes disposition of undetermined demurrers in order below, where the parties will proceed as advised in the assertion of their rights. Let the petitions be denied.