17344

IVEY CLIFTON, JR., Respondent, v. DARLINGTON FINANCE COMPANY and E. L. WINDHAM, Appellants

(100 S. E. (2d) 404)

*Messrs. Leroy M. Want* and *Paul A. Sansbury,* of Darlington, *for Appellants,*

674

*Messrs. James P. Mozingo, III, Benny R. Greer* and *Archie L. Chandler,* of Darlington, *for Respondent,*

November 4, 1957.

OXNER, Justice.

This is an appeal from an order overruling a demurrer and a motion to strike a complaint.

Ivey Clifton, Jr., brought this action against Darlington Finance Company and its agent, E. L. Windham, to recover actual and punitive damages for alleged fraud and deceit in inducing him to purchase an automobile. Defendants demurred to the complaint for failure to state facts sufficient to constitute a cause of action in that (1) plaintiff kept and used the automobile and made payments thereon for a long period of time after discovery of the alleged defective condition of the car and thereby waived any right to claim damages, (2) the false and fraudulent representations alleged in the complaint varied the terms of the written contracts between the parties, and (3) the action was barred by the judgment rendered in a previous action by Darlington Finance Company against Ivey S. Clifton, Jr. and Ina Clifton. There was also a motion to strike the complaint and dismiss the action upon substantially the same grounds. Defendants made a further motion to strike the complaint on the

grounds that the allegations thereof were "immaterial, irrelevant, sham, frivolous, impertinent and scandalous" in that the cause of action was barred by the judgment rendered in the action brought by the Darlington Finance Company above mentioned. In support of the motions, there was attached an affidavit by defendant Windham purporting to show that the false representations alleged in the complaint varied the terms of the chattel mortgages and bill of sale executed by plaintiff and that the plaintiff had waived any right to claim damages for fraud and deceit. Also attached were the proceedings and judgment had in an action brought by the Darlington Finance Company against Ivey S. Clifton, Jr. and Ina Clifton to obtain possession of the automobile under two chattel mortgages.

We think both the demurrer and the motions were properly overruled.

It is well settled that in passing on a demurrer, the Court is limited to the allegations of the complaint which must be accepted as true, and cannot consider facts not alleged therein. *Skalowiski v. Fisher,* 152 S. C. 108, 149 S. E. 340, 65 A. L. R. 1427; *Williams v. Continental Casualty Company,* 155 S. C. 543, 152 S. E. 703; *Spell v. Traxler,* 229 S. C. 466, 93 S. E. (2d) 601. There is no reference in this complaint to the previous action brought by the Darlington Finance Company. It is a general rule that *res judicata* is an affirmative defense and must be pleaded. *Beatty v. National Surety Co.,* 132 S. C. 45, 128 S. E. 40; 30 Am. Jur., Judgments, Section 258. Where the facts of the prior adjudication do not appear on the face of the complaint, *res judicata* cannot be raised by demurrer. 30 Am. Jur., Judgments, Section 264; Annotation 120 A. L. R., page 132.

While we have held that a counterclaim may be stricken as sham, *Etiwan Fertilizer Co. v. Johns,* 202 S. C. 29, 24 S. E. (2d) 74, *Scott v. Meek,* 228 S. C. 29, 88 S. E. (2d) 768, it may be seriously doubted whether Section 10-654 of the 1952 Code, authorizing the striking of "sham and irrelevant answers and defenses", applies to a complaint. 71

C. J. S., Pleading, § 460, p. 946. It has been held in several jurisdictions that a provision of this kind does not authorize the striking of a complaint. *Long v. Mutual Trust Life Insurance Co.,* 191 Minn. 163, 253 N. W. 762; *Kullgren v. Navy Gas & Supply Co.,* 112 Colo. 331, 149 P. (2d) 653. We shall assume, however, that the motion to strike the complaint as sham is properly before us and consider it on the merits.

It is well settled that where the adverse party's pleading does not show on its face the facts of the prior adjudication, a motion to strike or dismiss the complaint is not a proper method of presenting to the court the defense of *res judicata.* 30 Am. Jur., Judgments, Section 271; Annotation 120 A. L. R., page 130.

Turning now to the other grounds of the demurrer and motion to strike there are not set out in the complaint the written instruments which defendants claim would be varied or contradicted by the alleged false representations. Nor does the complaint show waiver. Therefore, these defenses cannot be invoked by demurrer or motion to strike.

Affirmed.

STUKES, C. J., and TAYLOR, LEGGE and MOSS, JJ., concur.