0 ’Neill, J.
The question presented is: Where a demurrer to a petition is sustained and the plaintiff elects not to plead further and accepts final judgment, is the plaintiff required by law to file a motion for a new trial within the statutory period as a necessary and prerequisite step to perfecting an appeal to the Court of Appeals.
The defendant city of Canton contends that the 1945 amendment to Section 11575, General Code (121 Ohio Laws, 366), now incorporated in Section 2321.17, Revised Code, and the 1945 enactment (121 Ohio Laws, 369) and the 1949 amendment (123 Ohio Laws, 814) of Section 11576-1, General Code, now Section 2321.01, Revised Code,, changed the law.
Section 2321.01, Revised Code, provides:
“A motion for a new trial is not necessary as a prerequisite to obtain appellate review of the- sufficiency or weight of the evidence submitted to the trial court where such evidence to be considered appears as a part of the record filed in the appellate court.”
Prior to the enactment of that section in 1945, a motion for a new trial was required to be filed as a prerequisite to the perfecting of an appeal from a judgment to review the sufficiency or the weight of the evidence.
Section 2321.01, Revised Code, abrogates this requirement.
The defendant city of Canton contends that under this statute a motion for a new trial is a prerequisite to perfecting an appeal in all instances except those where a review of the sufficiency or the weight of the evidence is sought. All cases cited by the city of Canton were decided prior to 1945.
The majority of this court is of the opinion that Section 2321.01, Revised Code, liberalizes rather than restricts the law with regard to the requirements for the filing of a motion for a new trial.
It is clear that, prior to 1945, where there was sought an appellate review of a judgment of a lower court, rendered without a trial on the merits, no motion for a new trial was necessary for such a review (Schottenfels v. Massman [1921], 16 Ohio App., 78), and it is also clear that this rule of law has not been changed by the aforementioned amendments of 1945 and 1949.
*533 Since it is clear that, where there is evidence to be considered which appears as a part of the record filed in the appellate court, a motion for new trial is not necessary for an appellate review of the sufficiency or weight of the evidence, there would seem to be little logic in construing this statute as making such a motion necessary in cases where it has not previously been required, where no evidence was taken and where there was no trial held on the merits, and the question at issue is on a demurrer to a petition.
No motion for a new trial is necessary or prerequisite for a review of a judgment of the lower court rendered upon a demurrer to a petition where there has been no presentation of any evidence on the merits.
No purpose would be served in this case by the filing of a motion for a new trial, except delay.
The judgment is reversed and the cause remanded to the Court of Appeals for consideration on the merits.

Judgment reversed.

Weygandt, C. J., Zimmerman, Taet, Bell and Herbert, JJ., concur.