CHARLOTTE OLSEN v. CLOQUET LUMBER COMPANY and Another.[1]

May 6, 1895.

Nos. 9069, 9070—(55–56).

**Striking Out Demurrer as Frivolous.**

The rule that a demurrer should not be struck out as frivolous unless it be manifest from mere inspection, without argument, that there was no reasonable ground for interposing it, applied.

Appeals by defendants from an order of the district court for Carlton county, Moer, J., striking out as frivolous separate demurrers to the complaint. Reversed.

The complaint alleged in substance that at the times mentioned defendant company was a corporation and defendant George S. Shaw was its president and general manager; that on April 5, 1893, plaintiff with her husband and their child was occupying a dwelling house which constituted plaintiff's homestead, and had been occupying it for more than six years; that on said day defendant corporation and defendant Shaw, acting in his said capacity, did by its and his employés and servants, acting under its and his direction, wrongfully and willfully, and in gross disregard of plaintiff's rights, attack said dwelling house, tear down and destroy a large portion thereof and render it uninhabitable; that by reason of said attack plaintiff was rendered temporarily insane and had ever since sickened and suffered from the effects of the nervous shock occasioned by said attack, and was sick and in bed under the care of physicians and nurses, and that by reason of the premises she had been damaged in the sum of $5,000.

*H. Oldenburg* and *Wm. B. Phelps*, for appellants.

*Alpheus Woodward* and *W. Hammons*, for respondent.

[1] Reported in 63 N. W. 95.

START, C. J.   Appeal from orders striking out the separate demurrer of each defendant to the plaintiff's complaint as frivolous. A demurrer should not be struck out as frivolous unless it is manifest, without argument, from a mere inspection of the pleading, that there was no reasonable ground for interposing it.   It should not be struck out where there is such room for debate as to the sufficiency of the pleading demurred to that an attorney of ordinary intelligence might have interposed a demurrer in entire good faith.   Hatch & Essendrup Co. v. Schusler, 46 Minn. 207, 48 N. W. 782.   It is far from manifest, from an inspection of the complaint, without argument, that it states a cause of action, so as. to make the demurrer frivolous within this rule; on the contrary, after serious consideration of its allegations, we are unable to agree that it states any cause of action.   It states no cause of action for damages on account of personal injuries to the plaintiff, for it is not alleged that she was in or near the house when the attack was made upon it.   A majority of the court are of the opinion that a cause of action for nominal damages to the plaintiff's homestead may be spelled out of it.   Clearly the demurrers were not frivolous.

Orders reversed.