THOMAS F. FLOODY v. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA
RAILWAY COMPANY and Another.[1]

April 24, 1908.

No. 15,713.

**Removal of Cause.**

Where a cause is erroneously removed from a state court to the circuit
court of the United States, and thereafter remanded to the state court,
all orders made in the case by the circuit court, except the one remanding
the case, are void for want of jurisdiction.

Appeal by defendant Edward S. Wood from an order of the district
court for Ramsey county, Hallam, J., that the action was at issue upon
the complaint and answer, and not upon defendant's demurrer, and
that the demurrer be stricken from the files. The facts are stated in
the opinion. Affirmed.

*Pierce Butler, Pfau & Pfau,* and *Nelson J. Wilcox,* for appellant.
*Humphrey Barton* and *John H. Kay,* for respondent.

START, C. J.

The defendant Wood appealed from an order of the district court
of the county of Ramsey, wherein it was ordered that this action was
at issue upon the complaint and answer of the defendant Wood, and
not upon his alleged demurrer, and that such demurrer be stricken
from the files of the court. The order appealed from is in effect one
striking out the defendant's alleged demurrer. This is a motion to dis-
miss the appeal, because the order is not appealable, and on the fur-
ther ground that, if the order is appealable, the appeal in this case is
frivolous.

An order striking out a pleading, or any material part thereof, is
appealable; but one refusing to strike out is not. The rule applies
to a demurrer. Vermilye v. Vermilye, 32 Minn. 499, 18 N. W. 832, 21
N. W. 736; Olsen v. Cloquet Lumber Co., 61 Minn. 17, 63 N. W.
95. The only question, then, for our consideration, is whether the ap-
peal is frivolous. If the record shows that the alleged demurrer was
in fact a part of the pleadings in this case, then the appeal cannot be

[1] Reported in 116 N. W. 111.

dismissed as frivolous; for, if such be the case, it is not apparent without argument that the demurrer was properly stricken out. Johnson v. St. Paul City Ry. Co., 68 Minn. 408, 71 N. W. 619; Kennedy v. Fidelity & Casualty Co., 100 Minn. 144, 110 N. W. 624. If, however, the record shows that the demurrer was no part of the pleadings, it is perfectly manifest that it was properly stricken from the files, and that the appeal is frivolous; for the basis of the trial court's order striking out the alleged demurrer was not that it was frivolous, but because it was no part of the pleadings. The question, then, reduced to its lowest terms, is this: Does the record show that the demurrer was no part of the pleadings in this action?

The here material facts, as shown by the record on this appeal, are these: The action was commenced in the district court of the county of Ramsey, Minnesota, by service of the summons, on August 16, 1907, against the defendant railway company and Edward S. Wood, the appellant herein, to recover damages for personal injuries sustained by the plaintiff by the alleged negligence of the defendants. On September 4, 1907, there were filed in this action, in the district court, the original separate answer of the defendant Wood, entitled in that court, upon which was indorsed an admission of service by the plaintiff's attorney, and a petition and bond of the defendant railway company for the removal of the cause to the circuit court of the United States for the District of Minnesota. Other than as stated, it does not appear from the return on this particular appeal whether the answer of Wood was filed before or after, or at the same time, that the petition for removal was filed. A transcript of the record in the district court was filed in the circuit court, and thereafter, and on December 2, 1907, the defendant Wood made an ex parte application, by his attorneys in this cause, to the circuit court for "leave to withdraw his answer, heretofore filed in said cause, and for leave to file a demurrer to said complaint." The circuit court made its order granting the application, and the defendant thereupon, and on the same day, filed in the circuit court the alleged demurrer here in controversy. On December 3, 1907, the circuit court, on motion of the plaintiff, remanded the case to the district court, and the transcript of the proceedings in the circuit court was filed in the district court on December 12, 1907. The clear inference from these facts is that the answer of the defendant

Wood was served before, and filed at the same time that, the petition and bond for removal were filed; that the plaintiff accepted such service as valid; that Wood and his attorneys so understood it, for otherwise they would not have applied to the circuit court to withdraw the answer. The attorneys for the defendant, however, insist that this inference is not correct and call our attention to an affidavit in the paper book, which is no part of the record on this appeal, wherein it is stated that the answer was served after the petition and bond were filed.

Whether the answer was served and filed before or after the petition was filed is not the controlling question in the case, because, if the defendant ever answered in this case, it was in the district court, for he never served or filed but the one answer. If he ever demurred to the complaint, it was in the circuit court, when he represented to the court that he had answered and asked to withdraw his answer and demur. If, as a matter of law, he had not then answered, for the reason that he served his answer after the petition was filed, then he was wholly in default, for the summons was personally served on him more than three months before that time, and he could only be relieved from his default, and permitted to answer or demur, by the order of some court having jurisdiction of the matter. Therefore, if the defendant did answer in this case, a solution of the question whether the demurrer is any part of the pleadings herein depends on the validity of the order of the circuit court permitting him to demur; but, if he did not answer, then he was in default, and the solution of the question depends upon the validity of the order permitting him to demur. Take either horn of the dilemma, and the sole question is whether the circuit court had jurisdiction to make the order allowing him to file the demurrer. It is obvious, without argument, that it did not; for, where a cause is erroneously removed from a state court to the circuit court of the United States, and thereafter remanded to the state court, all orders made in the case by the circuit court, except the one remanding the case, are void for want of jurisdiction. 18 Enc. Pl. & Pr. 386; Levinski v. Middlesex Banking Co., 92 Fed. 449, 462, 34 C. C. A. 452; Ayres v. Wiswall, 112 U. S. 187, 190, 5 Sup. Ct. 90, 28 L. Ed. 693; Cates v. Allen, 149 U. S. 451, 461, 13 Sup. Ct. 883, 37 L. Ed. 804.

It follows that the alleged demurrer was no part of the pleadings, and was properly stricken from the files, and that the motion to dismiss the appeal must be granted. So ordered.