## HAMMOND HOTEL & IMPROVEMENT CO. v. FINLAYSON et al.

(Circuit Court of Appeals, Seventh Circuit. May 16, 1925.)

No. 3571.

**1. Removal of causes ☜107(9)—Appeal does not lie from order of remandment.**

Under Judicial Code, § 28 (Comp. St. § 1010), appeal does not lie from order of remandment.

**2. Removal of causes ☜107(8)—Where cause is remanded to state court, federal District Court has no further jurisdiction.**

Where cause is remanded to state court, federal District Court has no further jurisdiction to determine any issues.

**3. Removal of causes ☜107(9)—On remand to state court, appeal from vacation of order restraining further proceedings in state court is futile and will be dismissed.**

Where cause is remanded to state court, defendant's appeal from order of District Court, vacating order restraining further proceedings in state court and denying temporary injunction for similar relief, is futile, and will be dismissed.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by John Finlayson and another, copartners doing business as Finlayson Bros., against the Hammond Hotel & Improvement Company. From the vacation of an order temporarily restraining plaintiffs from proceeding in state court, and from a denial of a temporary injunction seeking similar relief, defendant appeals. Appeal dismissed.

June 17, 1924, appellees brought suit at law in the superior court of Cook county, Ill., against appellant, an Indiana corporation, and declaration was filed. Alias summons, of date July 17, was returned with indorsement of service on July 25 upon appellant, by delivering at Chicago a copy to W. J. Whinery, secretary of the corporation. August 5 special appearance was entered by appellant for sole purpose of objecting to jurisdiction of court over appellant, and affidavits were filed to effect that appellant was not, and never had been, engaged in business in Illinois, and has and had no agents or property therein, and that W. J. Whinery, its secretary, resided in Indiana, and while temporarily in Chicago was there served with the summons. August 6, on motion of appellant, an order was entered giving appellant leave to file special appearance, and on September 6, on appellant's motion, the court permitted appellant to file motion to quash the summons, and ordered that the affidavits already filed may stand in support of the motion, and such motion was filed, giving reasons as stated in the affidavits. September 20 appellees moved to strike out appellant's motion to quash the service of the summons, and for a default for want of plea. October 3 appellant filed petition in due form, with bond, for removal of cause to United States District Court for Northern District of Illinois. November 21 the state court denied the petition for removal, and on appellees' motion ordered that the motion to quash the service be stricken from the files, whereupon appellant entered its motion for leave to file instanter a plea in abatement. This motion was denied, and appellant was ruled to plead or demur to appellees' declaration within 20 days. December 5 appellant filed in the District Court transcript of the proceedings in the superior court, together with petition for removal and bond, and petition for temporary restraining order against appellees from proceeding further in the superior court, which was granted, with rule to show cause why a temporary injunction should not issue enjoining appellees from taking further proceedings in the superior court. In response to rule to show cause appellees filed suggestions to the effect that petition and bond for removal were not presented within time required by law. After various continuances of the matter, on March 24, 1925, it was heard, and the District Court ordered that the temporary restraining order be dissolved, and the rule to show cause why temporary injunction should not issue be discharged, and that the cause be remanded to the state court.

William J. Whinery, of Hammond, Ind., for appellant.

James B. Wescott, of Chicago, Ill., for appellees.

Before ALSCHULER, PAGE, and ANDERSON, Circuit Judges.

ALSCHULER, Circuit Judge (after stating the facts as above). The appeal is from

the vacation of the temporary restraining order and denial of temporary injunction.

[1, 2] Appeal does not lie from order of remandment (section 28 of Judicial Code [Comp. St. § 1010]), but appellant's undertaking here is, in effect, to have held for naught the order of remandment of the cause, and much of the brief is devoted to support of the contention that the state court should have ordered the removal, and that the District Court should not have remanded the cause.

The temporary restraining order which the District Court granted was evidently in aid of its jurisdiction to hear the question whether it should hold the cause for trial or remand it to the state court. The temporary injunction, for which appellant applied, was in its essence of the same nature. Neither the restraining order nor a temporary injunction would have served any purpose after the cause was remanded to the state court, since by the very act of remandment the further jurisdiction of the District Court over the action ceased. It would seem that the remandment itself operated to vacate any injunctive order of the District Court made only for preserving the status until that court adjudicated the question of removal.

It appears to be counsel's contention that, the lack of jurisdiction of the state court over appellant being apparent, the cause should not have been remanded, but an injunction awarded to restrain further prosecution of the action. It is sufficient answer to say that want of jurisdiction over appellant does not appear on the face of the proceedings. The asserted facts respecting the service, whereon the alleged want of jurisdiction is predicated, were controvertible, and but for the remandment a properly made issue of fact thereon would have been triable in the District Court. But the remandment, whether right or wrong, left the District Court without jurisdiction to hear and determine that possible issue, or any other issue in the cause.

[3] Without considering appellees' insistence that section 129 of the Judicial Code (Comp. St. § 1121), which gives appeal from interlocutory orders granting or denying injunction in proceedings in equity, can have no application to a restraining order made in an action at law, we are of opinion that, with the cause remanded, appeal from the vacation of the restraining order, and from the denial of the temporary injunction, is wholly futile, and can in no event avail appellant anything.

The appeal is therefore dismissed.