13175

HOWELL v. HARTFORD ACCIDENT & INDEMNITY CO. *ET AL.*

(159 S. E., 380)

November, 1930.

*Messrs. Hicks & Johnston,* for appellant,

*Messrs. Bowen & Bryson,* for respondent,

June 11, 1931.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

By consent of the parties, two cases, entitled as above, are before this Court as one.

The defendants in the case moved before his Honor, Judge Dennis, in the Court of Common Pleas for Greenville County, that the record in the cases be transferred to the

United States District Court for the Western District of South Carolina, and that no further proceedings be had in the Court of Common Pleas for Greenville County. Judge Dennis refused the motion, and from his action the defendants gave notice of intention to appeal to this Court, and thereafter the appeal was properly filed in this Court.

Pending the determination of the appeal by this Court, on motion of the plaintiff, Hon. J. Lyles Glenn, United States District Judge, presiding in the District Court of the Western District for this State, remanded the case to the State Court. Thereupon the plaintiff, basing his motion on the order of Judge Glenn, moved this Court to dismiss the pending appeal, for the reason that the same presented only a moot question and was academic in nature.

It is our opinion that the motion should be granted. Section 71, Title 28, of the United States Code Annotated (Judicial Code, § 28), contains this provision: "Whenever any cause shall be removed from any State Court into any District Court of the United States, and the District Court shall decide that the cause was improperly removed, and order the same to be remanded to the State Court from whence it came, such remand shall be immediately carried into execution, and no appeal or writ of error from the decision of the District Court so remanding such cause shall be allowed."

That an order of remand by the United States District Court is conclusive on the State Court, and that the same cannot be annulled or superseded by any other Court, is well established by many authorities. See notes of decisions beginning at page 9 U. S. Code Annotated, Title 28, § 71 (West Publishing Company). Our own Court has fully recognized these positions. In *Osteen v. A. C. L. R. Co.*, 119 S. C., 438, 112 S. E., 352, 359, it was said: "Section 28 of the Judicial Code (U. S. Comp. St. § 1010 [28 U. S. C. A. § 71)]), in most unequivocal terms makes the order of a District Judge of the Federal Court remanding a case to the

State Court absolutely final—not only final so far as an immediate appeal is concerned, but final upon writ of error or *certiorari* to the State Court from the United States Supreme Court after final judgment in the State Court against the defendant. This is conceded by the defendant, which disavows any purpose in this appeal to review the order of Judge Smith remanding the case."

The plaintiff in this case would be in a bad fix if we, under the circumstances, should entertain the appeal and conclude to reverse the order of Judge Dennis. We would say to him, "You cannot stay in the State Court, but you must go to the Federal Court." At the door of the Federal Court, he would be met by the order of the United States District Judge telling him that he could not come into that Court and must return to the State Court. The easiest, wisest, and best way to clear up the situation, and the only course which should be followed, is for this Court to dismiss the appeal pending here, and to follow what Judge Glenn said should be done, let the plaintiff have the right to have his cause heard in the Court of Common Pleas for Greenville County.

The motion to dismiss the appeal is accordingly granted.

MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.

MR. JUSTICE COTHRAN dissents.

MR. JUSTICE BONHAM (concurring) : The leading opinion decides the motion to dismiss the appeal, which is the only matter now before the Court. The dissenting opinion discusses the grounds of the appeal. If they were properly before the Court, now, I would be inclined to concur in the result of the dissenting opinion. I conceive that we are confined to consideration of the motion to dismiss the appeal. I concur in the leading opinion upon the authority of the case of *Osteen v. A. C. L. R. Co.,* 119 S. C., 438, 112 S. E., 352.

MR. JUSTICE COTHRAN (dissenting) : This is an appeal by the defendants from an order of his Honor, Judge Dennis, refusing their motion for an order removing the

case from the Court of Common Pleas of Greenville County to the United States District Court for the Western District of South Carolina. The refusal was based upon the following grounds:

(1) That a removable cause was not presented by the record before him, in that it was not alleged that the plaintiff was a resident and citizen of any particular State; (2) that written notice of the filing of the petition and bond for removal was not given to plaintiff prior to the filing of the same (how this could possibly have been done is not explained); (3) that the bond accompanying the petition for removal was defective, in that its condition was entering in the Federal Court a copy, and not a certified copy, of the record in the State Court; (4) that four days' notice of the motion by the defendants for an order of removal was not given as required by the State practice as to all motions.

Other objections to the proceeding were urged by the plaintiff but overruled by his Honor, Judge Dennis.

When the matter came on to be heard by his Honor, Judge Dennis, the defendants moved to amend their petition and bond to cure the alleged defects designated as 1, 2, and 3 above; the motion was refused. As to 4, the defendants contended that four days' notice of the motion was not required.

It appears that on October 28, 1930, this plaintiff instituted two actions as administrator of the estate of P. P. Paris who was killed by collision with an automobile alleged to have been owned and operated by the defendant Magill who had insurance by the defendant company; one action, it seems, was brought under Lord Campbell's Act and the other under the survival statute of this State; by stipulation the two actions were to be considered as one.

On November 15, 1930, at 11 a. m., before the time for answering expired, the defendants served upon counsel for plaintiff the following notice: "Please take notice that upon the petition of which a copy is hereto attached, and also upon the bond of the petitioners and their surety, a copy of which

is hereto attached, we will move before his Honor E. C. Dennis, presiding Judge of the Court of Common Pleas in Greenville County, State of South Carolina, on the 15th day of November, 1930, at 7:00 o'clock P. M. at his residence, Greenville, S. C., or as soon thereafter as counsel can be heard: That this cause be removed from the Court of Common Pleas to the United States District Court for the Western District of South Carolina, and that this Court accept the surety offered and proceed no further herein, and for such other and further relief as may be just."

The time fixed for the hearing of the motion was Saturday evening November 15th at 7 o'clock; his Honor, Judge Dennis, with the consent of all parties, continued the hearing, saying that he would take it up later, neither party waiving any rights.

At 7:30 p. m. of the same date the petition and bond for removal were filed with the Clerk of Court for Greenville County.

His Honor, Judge Dennis, called the matter up for a hearing on November 22d, at which time the plaintiff interposed the objections hereinbefore set forth, and, as stated, his Honor refused the motion upon the grounds detailed above.

As to the first ground: His Honor perhaps correctly ruled that, as the diversity of citizenship was nowhere made to appear except in a general allegation, the petition did not disclose a removable cause; we think, however, that the omission of a statement that the plaintiff was a citizen of this State was so clearly an inadvertence that the refusal of leave to amend was technically an abuse of discretion and that it was error to refuse it, particularly in view of the allegation in the petition: "That the controversy in this action * * * is wholly between citizens of different States. * * *"

In a note to 28 U. S. C. A., § 72, p. 473, it is said: "In *Mitchell v. Smale* (Ill., 1891), 140 U. S., 406, 11 S. Ct., 819, 840, 35 L. Ed., 442, it was held that the State Court properly

allowed a petition for removal to be amended so as to make it show a removable case, the time for filing the petition not having expired."

As to the second ground. Aside from the objection that it was impossible for the defendants to give notice of the filing of the petition and bond before they were filed, and assuming that the plaintiff intended to object that the statutory requirement that "Written notice of said petition and bond for removal shall be given the adverse party or parties prior to the filing the same," had not been complied with, we think that no clearer notice that the defendants intended to file a petition and bond for removal could be given by the written and served notice above set forth. It is true that the notice was of a motion that State Court recognize the removal, when completed by the filing of the petition and bond it contained, as distinct notice of the preparation and execution of these papers and of the intention of the defendants to file them as if it had specifically so stated.

In *Hansford v. Stone-Ordean-Wells Co.* (D. C.), 201 F., 185, 187, the Court said: "The statutory notice would seem calculated to serve no purpose but to advise the plaintiff that the suit and all future proceedings therein are about to be transferred to another tribunal, to submit to his scrutiny the sufficiency of the petition and bond, and to enable him to speed proceedings if the defendant delays therein; for, since the mere filing in the State Court of a sufficient petition and bond divests the jurisdiction of the State Court and vests jurisdiction in the Federal Court, there is no hearing necessary in and no order necessary by the State Court. Comity, however, dictates both a request for and a grant of the latter."

In *Miller v. So. Bell Telephone & Telegraph Co.* (C. C. A.), 279 F., 806, 809, the Court of this Circuit said: "The object of the amendment, as we conceive, was not to give opportunity to oppose the filing, which no statute contemplates, but rather and merely to inform 'the adverse party or

parties' that the right of removal will be exercised, and this object is accomplished by literal compliance with the provision; that is, by notice at any time, however short, before the actual filing, *Hansford v. Stone-Ordean-Wells Co.* (D. C.), 201 F., 185; *Potter v. General Baking Co.* (D. C.), 213 F., 697; *Himan v. Barrett* (D. C.), 244 F., 621; *Lewis v. Erie Railroad Co.* (D. C.), 257 F., 868."

As to the third ground: This objection we consider technical to a degree, and should not have been entertained.

As to the fourth ground: The Circuit Judge was entirely right in holding that the proposed motion should have been served four days in advance of the hearing, under the provisions of Section 755 of the Code Civ. Proc., 1922.

In the case of *Miller v. So. Bell Telephone & Telegraph Co.* (C. C. A), 279 F., 806, an appeal from this Circuit, Judge Parker delivering the opinion of the Court, it was held that notice of the application to the State Court for an order of removal must be given in conformity with the requirements of the State statute. This case was an appeal from South Carolina.

After the appeal in this case had been argued at the April session, the plaintiff made a motion before his Honor, Judge Glenn, of the Federal District Court, for an order remanding the case to the State Court. On April 18 he signed an order of remand, holding that the motion to amend the petition and bond might well have been granted by Judge Dennis, but that the failure to give notice of the filing of the petition and bond was fatal, and remanded the case to the State Court for trial.

The plaintiff then, on May 6th, gave notice of a motion in this Court to dismiss the present appeal upon the ground that Judge Glenn's order of remand was final and conclusive, and that the matters contained in the appeal had thereby become academic.

We are not concerned with the effect of Judge Glenn's order passed after this appeal had been effected and argued.

It may be it has cut the defendants off from relief in reference to the order of Judge Dennis which we as well as Judge Glenn have considered improper; but that is a matter to be determined in the State Court where the trial must be held. Whether the defendants may obtain any benefit under the circumstances from this judgment is not a matter now before us for consideration.

The judgment of this Court should be that the order of his Honor, Judge Dennis, be modified in the particulars mentioned, and that the case be remanded to the State Court for further proceedings.