**John L. YARBROUGH, Plaintiff,**

v.

**Robert S. BLAKE, Defendant.**

**No. 1677.**

United States District Court
W. D. Arkansas,
Fort Smith Division.

Dec. 18, 1962.

Motion for Leave to Amend Petition for Removal Denied Jan. 8, 1963.

J. A. Evans, Booneville, Ark., for plaintiff.

Bethell & Pearce, Fort Smith, Ark., for defendant.

JOHN E. MILLER, Chief Judge.

The question for determination is whether the court, upon the filing of a petition for removal by the defendant, obtained jurisdiction of the subject matter of the cause of action.

The complaint was filed in the Circuit Court for the Southern District of Logan County, Arkansas, on September 6, 1962. Summons was issued on the same date and served on the Secretary of State on the next day, September 7, 1962. The petition for removal was filed September 25, 1962, within the time required by 28 U.S.C. § 1446(b).

The only jurisdictional allegations contained in the complaint are that the plaintiff "is a resident of 1907 South Utica Place, Fort Smith, Arkansas; that the defendant is a minor male person, eighteen years of age, residing at 6439 Roselawn, Richmond, Virginia; that the accident, injuries and damages herein complained of occurred in the Southern District of Logan County, Arkansas."

The plaintiff further alleged that on August 9, 1962, the plaintiff received severe, painful and permanent personal injuries which were the direct and proximate result of the carelessness and negligence of the defendant in the operation of an automobile on a public highway. The plaintiff sought to recover the sum of $35,930.00 from the defendant.

On September 25, 1962, the defendant, Robert S. Blake, filed his petition for removal in which he alleged:

"The said John L. Yarbrough [plaintiff] is a resident of Fort Smith, Arkansas, and the accident complained of took place in Logan County, Arkansas. The petitioner and defendant, Robert S. Blake, is a resident of Richmond, Virginia, and was a resident of Richmond, Virginia at the time of the accident. The amount sued for is $35,000.00. Petitioner states that due to the fact that he is a non-resident and that the amount sued for is in excess of $10,-000.00, he is entitled to have this case removed from the Southern District of the Circuit Court of Logan County, Arkansas, to the United States Federal District Court for the Western District of Arkansas."

On October 31, 1962, this court gave notice to all of the attorneys for parties having litigation pending in this court that a pre-trial conference would be held in all cases on November 19, 1962. On the date of the pre-trial conference, the attorneys for the defendant appeared, but the attorney for the plaintiff did not appear. At that time the court advised the attorneys for the defendant that it was of the opinion that the court did not obtain jurisdiction of the cause of action because of defendant's failure to allege in the petition for removal that diversity of citizenship existed between plaintiff and defendant, and the court at the same time requested the attorneys for the defendant to submit brief on the question of this court's jurisdiction. No brief had been received on November 28, 1962, and on that date the court addressed and mailed to the attorney for the defendant a letter in which the court stated:

"You will remember that at pretrial I suggested that if you desired to be heard on the question of the removal of this case, that I would appreciate it if you would advise me immediately and furnish such authorities as you might desire the court to consider.

"To date I have heard nothing from you, and I shall thank you to give the matter your attention.

"In this connection I prepared a memorandum for my own guidance prior to the pretrial conference, and a copy of the same is herewith enclosed."

Following the mailing of the letter, the Judge of this Court called the attorney for the defendant on the telephone and requested that a brief be submitted immediately, and was advised by the attorney that such brief would be submitted in support of his contention that the court should grant the defendant the right to amend the petition for removal by alleging diversity of citizenship. To date no brief has been received and, in order to speedily dispose of such matters, the court has given further consideration to the question of jurisdiction without the benefit of briefs or arguments from either the attorney for plaintiff or the defendant.

Without question, it is the duty of the court on its own motion to consider and determine whether it has jurisdiction to proceed with the trial of a case.

28 U.S.C. § 1441(a), provides:

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

28 U.S.C. § 1332(a), (1961 Supp.), provides:

"(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—(1) citizens of different States; * * *."

There is no allegation either in the complaint or in the petition for removal

which alleges diversity of citizenship between the plaintiff and the defendant. On the other hand, the only allegation is that the plaintiff is a resident of the City of Fort Smith, Arkansas, and that the defendant is a resident of Richmond, Virginia. It will be noted that the allegation cannot even be considered as a defective allegation of diversity of citizenship. No mention is made in either the complaint or the petition for removal of the citizenship of either of the parties.

28 U.S.C. § 1446(a), defines the cases in which a removal may be made and provides that a defendant desiring to remove any civil action from a state court "shall file in a district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal * * *."

Subsection (b) of Section 1446 prescribes the mode of obtaining a removal and the time within which the petition for removal is required to be filed.

■■ Thus, it will be seen that Subsection (a) is jurisdictional but that Subsection (b) is modal and formal. Therefore, the conditions of Subsection (a) are indispensable and must be shown by the record. Diversity of citizenship of the parties or some other jurisdictional fact is absolutely essential and cannot be waived, "and the want of it will be error at any stage of the cause, even though assigned by the party at whose instance it was committed." Ayers v. Watson (1885), 113 U.S. 594, 598, 5 S.Ct. 641, 642, 28 L.Ed. 1093.

Subsection (a) of the statute, supra, may be compared with Rule 8(a), Federal Rules of Civil Procedure prescribing the contents of pleadings as follows:

"A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, * * *."

■ In other words, it is incumbent on any party seeking relief in a federal court to specifically allege the facts upon which the jurisdiction of the court depends. "It is plain that the court acquires its jurisdiction from the petition * * *." Tucker v. Kerner (7th Cir., 1950), 186 F.2d 79, 82.

Notwithstanding the time has long since expired for the filing of a petition for removal containing a statement of the required jurisdictional facts, the defendant has orally contended that he should be allowed to file an amendment to the petition for removal and allege diversity of citizenship rather than diversity of residence. Doubtlessly such contention is based upon Kinney v. Columbia Savings & Loan Association, 191 U.S. 78, 24 S.Ct. 30, 48 L.Ed. 103. In that case, Mr. Justice Brewer at page 80 of 191 U.S., at page 31 of 24 S.Ct. stated the question before the court as follows:

"Had the Federal court the power to permit the amendment of the petition for removal? The suit was removable. Diverse citizenship in fact existed and the amount in controversy was over $2,000. The right to remove existed, but the petition for removal was defective. If it had been sufficient there would have been no need of amendment. The question is whether it was so defective as to be incurable. In other words, was the case one in which the court had power to permit the facts to be stated in order to secure to the defendant the removal to which it had a right?"

The court answered the question by holding that, where the allegation of jurisdictional facts was defective, the trial court was correct in allowing the petition for removal to be amended to reflect the facts. The case has been cited and discussed in many subsequent decisions of the federal courts, and some of the lower federal courts following Kinney have concluded that if the jurisdictional facts are

merely defectively stated, that an amendment may be allowed by the court to which the cause was removed. To illustrate, Judge Sanborn, speaking for the Court of Appeals of the Eighth Circuit in National Quicksilver Corporation v. World Ins. Co. of Omaha, Neb. (8th Cir., 1944), 139 F.2d 1, at page 2 said:

"We think that the giving of a defective bond on removal does not defeat jurisdiction, and that the defect is subject to correction. (Citing cases.) Even in the absence of amendment, we have no doubt that if suit were brought to recover upon a defective removal bond, the court would treat it as what it was intended to be, a proper statutory bond on removal."

As heretofore stated, the jurisdictional allegations in the complaint and in the petition for removal do not in any wise allege diversity of citizenship but only diversity of residence. "It is diversity of citizenship and not diversity of residence which gives a federal court jurisdiction in a case where the requisite jurisdictional amount is in controversy. 28 U.S.C. § 1332." Texaco-Cities Service Pipe Line Co. et al. v. Aetna Casualty & Surety Co. (8th Cir., 1960), 283 F.2d 144, 145.

28 U.S.C. § 1653, provides:

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

■ No decision has been found holding that, after the time for filing a petition for removal has expired, a defendant may amend his petition for removal by alleging diversity of citizenship when no mention or allegation was made in the original petition for removal filed within the time permitted by the statute. Therefore, Section 1653, supra, does not authorize an amendment to a petition for removal after the time for filing petition has expired where the petition is completely devoid of any allegation of diversity of citizenship. See Alvey v. Sears, Roebuck & Co. (W.D.Mo., 1958), 162 F.Supp. 786.

In Roseberry v. Fredell (E.D.Ky., 1959), 174 F.Supp. 937, the court, beginning at page 939, said:

"[3] The petition must show the citizenship of the parties at the time of the commencement of the action. A failure to so state is a fatal defect which cannot be corrected unless an offer to amend is made within the prescribed statutory period for the filing of a petition for removal. Crehore v. Ohio & Mississippi Railway Company, 131 U.S. 240, 9 S.Ct. 692, 33 L.Ed. 144; Mattingly v. Northwestern Virginia Railroad Co., 158 U.S. 53, 15 S.Ct. 725, 39 L.Ed. 894.

"[4]. The defendants' motion for leave to amend the petition for removal cannot be sustained since the petition for removal was in reality not a petition for removal because of its failure to allege jurisdictional facts and the amendment would have had to have been filed within the statutory time allowed for the filing of a petition for removal. Hernandez v. Watson Bros. Transportation Co., D.C., 165 F.Supp. 720.

"28 U.S.C.A. § 1446(b) provides that a petition for removal of a civil action shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading or within twenty days after the service of summons upon the defendant. That period of time has long since expired and to permit an amendment beyond the limitation fixed would be to ignore the whole purpose of the statute.

"[5] 28 U.S.C.A. § 1653 provides that defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts. That statute can avail nothing here since the petition for removal is entirely lacking in jurisdictional allegations. To permit an amendment would not be a cure of technical defects but the stating of original jurisdictional facts. Browne v. Hartford Fire In-

surance Company, D.C.1959, 168 F. Supp. 796. This court had the same question before it in the case of Cline v. Belt, D.C., 43 F.Supp. 538. The opinion in that case is referred to and adopted as a part of this memorandum."

In the case of F & L Drug Corporation v. American Central Insurance Company (D.C.D.Conn., 1961), 200 F.Supp. 718, the court thoroughly considered and cited practically every decision on the question before the court in the instant case. Beginning at page 720, the court said:

"[3] The defendant now seeks permission to amend its petition for removal by adding a further allegation setting forth the principal place of business of the defendant. 28 U.S.C.A. § 1446 requires the petition to be filed within the requisite twenty day period. Consequently, Browne v. Hartford Fire Insurance Co. (supra) would not allow an amendment after the expiration of the twenty days allowed for removal under 28 U.S.C.A. § 1446(b), holding this would not be curing mere defect but rather making an entirely new allegation.

"Washington-East Washington Joint Authority v. Roberts & Schaefer Co. (supra) [D.C., 180 F.Supp. 15] in holding that the defect could not be cured by amendment in its court quoted from the opinion in Jackson v. Allen, 132 U.S. 27, 34, 10 S.Ct. 9, 33 L.Ed. 249:

"'It appears from the record that the citizenship of the parties at the commencement of the actions, as well as at the time the petitions for removal were filed, was not sufficiently shown, and that therefore the jurisdiction of the state court was never divested. Stevens v. Nichols, 130 U.S. 230, 9 S.Ct. 518 [32 L.Ed. 914]. This being so, the defect cannot be cured by amendment. Crehore v. Ohio & Mississippi Railroad Co.,

131 U.S. 240, 9 S.Ct. 692 [33 L.Ed. 144].' [180 F.Supp. 16.]

"The defendant nevertheless argues that permission to amend should be granted under 28 U.S.C.A. § 1653 which reads:

"'Amendment of pleadings to show jurisdiction. Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts. June 25, 1948, c. 646, 62 Stat. 944.'

and cites the contra decisions of Firemen's Insurance Co. of Newark, N. J. v. Robbins Coal Co. (5 Cir., 1961), 288 F.2d 349, and Park v. Hopkins (D.C.S.D.Ind.1960), 179 F. Supp. 671.

"The decisions in both Park and Robbins in holding that a petition for removal might be amended rested upon the authority of Kinney v. Columbia Savings & Loan Ass'n, 191 U.S. 78, 24 S.Ct. 30, 48 L.Ed. 103 (1903). But Kinney v. Columbia (supra) did not go so far. It did allow amendment of mere technical defects in the allegations of a removal petition after a lapse of more than twenty days. Indeed that has been permitted in this district. The boundary adverted to by Kinney has been described in Southern Pacific Co. v. Stewart, 245 U.S. 359, at p. 363, 38 S.Ct. 130, at p. 131, 62 L.Ed. 345 (1917) where the court stated:

"'Amendments have been permitted so as to make the allegations more accurate and certain when the amendment is intended to set forth in proper form the ground for removal already imperfectly stated. Kinney v. Columbia Savings, etc., [& Loan] Ass'n, 191 U.S. 78 [24 S.Ct. 30, 48 L.Ed. 103].'

"28 U.S.C.A. § 1446(a) requires 'a verified petition containing a short and plain statement of the facts which entitle him * * * to removal * * *.' While the analo-

gies of pleadings need not be carried so far as to disregard the plain mandate of the statute they do cast some light upon the niceties which the defendant raises here. If this lawsuit had been originally brought to this court by the plaintiff, Rule 8(a) F.R.Civ.P., 28 U.S.C.A., would have required his complaint to contain inter alia, '* * * (1) a short and plain statement of the grounds upon which the court's jurisdiction depends * * *.' "

\* \* \* \* \* \*

"The sufficiency of an allegation of the facts required by statute in a petition for removal would certainly not be less than that required in a complaint originally brought here."

\* \* \* \* \* \*

"The rule of the Kinney case has been interpreted to allow amendments under § 1653 to cure defects of form but not of substance. Shane v. Butte Electric Ry. Co. (D.C.Mont. 1906), 150 F. 801, 816; Cline v. Belt (D.C.E.D.Ky.1942), 43 F.Supp. 538; Browne v. Hartford Fire Insurance Co. (supra). Both prior to and subsequent to the Kinney case the facts upon which removal was based were required to be affirmatively set out. That an amendment will be allowed to permit the grounds for removal to be more perfectly stated is not inconsistent with this requirement. Southern Pacific Co. v. Stewart (supra); Powers v. Chesapeake & Ohio Ry., 169 U.S. 92, 101, 18 S.Ct. 264, 42 L.Ed. 673 (1897). This only means that an amendment will be allowed when there are enough facts alleged in the petition and accompanying pleadings to enable the court to determine without more that the basis for removal is present. This distinction was pointed up in the decision of Martin's Adm'r. v. Baltimore & Ohio Ry., 151 U.S. 673, 690–691, 14 S.Ct. 533, 540, 38 L.Ed. 311 (1893):

" 'The incidental suggestion * * * that the petition for removal might be amended in the Circuit Court [i. e. District Court] as to the form of stating the jurisdictional facts, assumes that those facts are already substantially stated therein, and accords with later decisions, by which such amendments may be allowed when, and only when, the petition as presented to the state court, shows upon its face sufficient ground for removal. Carson v. Dunham, 121 U.S. 421, 427 [7 S.Ct. 1030, 30 L.Ed. 992]; Crehore v. Ohio & Mississippi Railroad, 131 U.S. 240 [9 S.Ct. 692, 33 L.Ed. 144]; Jackson v. Allen, 132 U.S. 27 [10 S.Ct. 9, 33 L.Ed. 249].'

"But where the essential facts necessary to justify removal are not alleged, either perfectly or imperfectly, then the case must be remanded. Stevens v. Nichols, 130 U.S. 230, 9 S.Ct. 518, 32 L.Ed. 914 (1888); Crehore v. Ohio & Mississippi Railroad Co., 131 U.S. 240, 9 S.Ct. 692, 33 L.Ed. 144 (1888); Jackson v. Allen, 132 U.S. 27, 10 S.Ct. 9, 33 L. Ed. 249 (1889); La Confiance Compagnie Anonyme D'Assurance Contre L'Incendie v. Hall, 137 U.S. 61, 11 S.Ct. 5, 34 L.Ed. 573 (1890); Kellam v. Keith, 144 U.S. 568, 12 S.Ct. 922, 36 L.Ed. 544 (1891). The necessity for an allegation of facts has been reaffirmed by the Supreme Court in Chesapeake & Ohio Ry. v. Cockrell, 232 U.S. 146, 151, 34 S.Ct. 278, 279, 58 L.Ed. 544 (1913): * * *.

"[4] An absence of an allegation cannot be regarded as an allegation defective in form. Here the defendant does not seek to amend an allegation; it seeks to introduce one not heretofore made.

"[5, 6] 'It is well settled that, if, upon the face of the record, including the petition for removal, a

suit does not appear to be a removable one, then the state court is not bound to surrender its jurisdiction. Stone v. [State of] South Carolina, 117 U.S. 430, 432, 6 S.Ct. 799, 29 L.Ed. 962, 963, (1886); Carson v. Hyatt, 118 U.S. 279, 281, 6 S.Ct. 1050, 30 L.Ed. 167, 168, (1886); Marshall v. Holmes, 141 U.S. 589, 595, 12 S.Ct. 62, [35 L.Ed. 870] (1891); Burlington, C. R. & N. Ry. Co. v. Dunn, 122 U.S. 513, 515, 7 S.Ct. 1262, 30 L.Ed. 1159 (1887).' Victory Cabinet Co. v. Insurance Co. of North America (7 Cir., 1950), 183 F.2d 360, 361. If the facts are not sufficient in the first instance to divest the state court of jurisdiction the case cannot be treated as one which is within the province of this court and this court is without jurisdiction to entertain a motion to amend. Fife v. Whittell (C.C.N.D.Cal.1900), 102 F. 537; Heckleman v. Yellow Cab Transit, (D.C. E.D.Ill.1942), 45 F.Supp. 984; Hill v. United Fruit Co. (D.C.S.D.Cal. 1957), 149 F.Supp. 470. The amendment offered goes to show that the case might have been removed from the state court, not that in law it has ever been removed. Crehore v. Ohio & Mississippi Railroad Co. (supra) 131 U.S. at p. 245, 9 S.Ct. at p. 693; Jackson v. Allen (supra).

\* \* \* \* \* \*

"A final consideration weighing against assumption of jurisdiction is a policy, often ignored, in removal cases. This is the fact that every removed case heard in this court is in derogation of state sovereignty, since it presupposes that the state is incompetent to provide an impartial forum. Chicago, Rock Island & Pacific Ry. v. Martin, 178 U.S. 245, 248, 20 S.Ct. 854, 44 L.Ed. 1055 (1900). Thus the federal courts should be scrupulous to maintain the delicate balance between state and federal relations."

■ The question before the court should not be confused with the question that was before the court in Texaco-Cities Service Pipe Line Co. et al. v. Aetna Casualty & Surety Co., supra, and in National Farmers Union Property & Casualty Co. v. Fisher (8th Cir., 1960), 284 F.2d 421. The court did not acquire jurisdiction of the instant case upon the filing of the petition for removal and the accompanying record, and since the time for filing a petition for removal has expired, the defendant is not entitled to amend his original petition to allege jurisdictional facts which he completely and totally failed to allege in the original petition.

Therefore, an order is being entered today remanding the case to the Circuit Court for the Southern District of Logan County, Arkansas.

## ON MOTION FOR LEAVE TO AMEND PETITION FOR REMOVAL

The order of remand was entered on December 18, 1962, in accordance with the opinion filed herein on that date. On the same date the Clerk of the Court in accordance with 28 U.S.C. § 1447(c), mailed to the Clerk of the state court, to which the case was remanded, a certified copy of the order of remand. Also, on the same date notice of the entry of the order and a copy of the same, together with a copy of the opinion, were mailed to the attorney for the plaintiff and the attorneys for the defendant.

On December 21, 1962, the attorneys for the defendant filed a "motion for reconsideration of order of remand" and for an order setting aside the order of remand entered December 18, 1962.

As stated in the opinion upon which the order of remand was entered, the attorneys for the defendant had not submitted to the court a brief in support of the jurisdiction of the court, and upon the filing of the "motion for reconsideration of order of remand," the attorneys requested time in which to submit brief. In accordance with such request, the court entered the following order:

"Upon consideration of the motion of the defendant this day filed herein, the order entered by this court

on December 18, 1962, remanding the case to the Circuit Court of the Southern District of Logan County, Arkansas, is withdrawn subject, however, to further consideration and the defendant is hereby granted until January 2, 1963, within which to file his written brief upon the motion."

On January 2, 1963, the defendant filed a "Motion for Leave to Amend Petition for Removal." In said motion the defendant asked that leave be granted "so that the record may affirmatively state the true fact situation at the time the complaint in this case was filed in the Circuit Court for Logan County, Arkansas, and at the time this defendant's petition for removal was filed, namely, that the defendant at such times was a citizen and resident of the State of Virginia, and that the plaintiff was at such times a citizen and resident of the State of Arkansas.

"Movant would further show the Court that no prejudice has resulted to the plaintiff as a result of the technical deficiency in the Petition for Removal, that no Motion for Remand has been filed, and that this Court has the discretion to grant this Motion pursuant to 28 U.S. C.A., Section 1653."

In the consideration of the motion for leave to amend the petition for removal, it is not necessary to reiterate the facts disclosed by the record and fully set forth in the opinion of December 18, 1962.

It is undisputed that at the time the suit was filed in the state court and at the time the petition for removal was filed, the plaintiff was and still is a citizen and resident of the State of Arkansas and the defendant was and still is a citizen and resident of the State of Virginia, and because of these facts the defendant contends that the court, in the exercise of its sound discretion, should grant the motion for leave to amend the motion in the following particulars:

"1. This defendant, at the time of the filing of the complaint in this action in the Logan County Circuit Court, and at the time of filing herein his Petition for Removal, was a citizen of the State of Virginia, and the plaintiff, John L. Yarbrough, at such times, was a citizen of the State of Arkansas.

"2. In all other respects, the allegations of the original Petition for Removal are reaffirmed and reasserted."

The defendant argues that the case of Parker v. Overman (1855), 18 How. 137, 59 U.S. 137, 15 L.Ed. 318, conclusively establishes that this court should permit the petition for removal to be amended pursuant to 28 U.S.C. § 1653, notwithstanding the provisions of 28 U.S.C. § 1446(a), providing that a defendant desiring to remove any civil action shall file in the district court "a verified petition containing a short and plain statement of the facts which entitle him or them to removal * * *," and subsection (b), which provides that the petition for removal shall be filed "within twenty days after the service of summons upon the defendant * * *."

The summons was served on defendant on September 7, 1962, and the petition for removal was filed September 25, 1962, within the time required by the statute. The plaintiff filed no motion to remand. No examination of the court file was made by the court until October 31, 1962, on which date the case was set for pretrial conference on November 19, 1962.

In the Parker case, supra, beginning at the bottom of page 139 of 59 U.S., the court stated:

"As some doubts were entertained, and have been expressed by some members of the court, as to its jurisdiction in this case, it will be necessary to notice that subject, before proceeding to examine the merits of the controversy. It had its origin in the state court of Dallas county, Arkansas, sitting in chancery. It is a proceeding under a statute of Arkansas, prescribing a

special remedy for the confirmation of sales of land by a sheriff or other public officer. Its object is to quiet the title. The purchaser at such sales is authorized to institute proceedings by a public notice in some newspaper, describing the land, stating the authority under which it was sold, and 'calling on all persons who can set up any right to the lands so purchased, in consequence of any informality, or any irregularity or illegality connected with the sale, to show cause why the sale so made should not be confirmed.'

"In case no one appears to contest the regularity of the sale, the court is required to confirm it, on finding certain facts to exist. But if opposition be made, and it should appear that the sale was made 'contrary to law,' it became the duty of the court to annul it. The judgment or decree, in favor of the grantee in the deed, operates 'as a complete bar against any and all persons who may thereafter claim such land, in consequence of any informality or illegality in the proceedings.'

"It is a very great evil in any community, to have titles to land insecure and uncertain; and especially in new States, where its result is to retard the settlement and improvement of their vacant lands. Where such lands have been sold for taxes, there is a cloud on the title of both claimants, which deters the settler from purchasing from either. A prudent man will not purchase a lawsuit, or risk the loss of his money and labor upon a litigious title. The act now under consideration was intended to remedy this evil. It is in substance a bill of peace. The jurisdiction of the court over the controversy is founded on the presence of the property; and, like a proceeding in rem, it becomes conclusive against the absent claimant, as well as the present contestant. As was said by the court in Clark v. Smith, (13 Pet. [195] 203 [10 L.Ed. 123]),

with regard to a similar law of Kentucky: 'A State has an undoubted power to regulate and protect individual rights to her soil, and declare what shall form a cloud over titles; and having so declared, the courts of the United States, by removing such clouds, are only applying an old practice to a new equity created by the legislature, having its origin in the peculiar condition of the country. The state legislatures have no authority to prescribe forms and modes of proceeding to the courts of the United States; yet having created a right, and at the same time prescribed the remedy to enforce it, if the remedy prescribed be substantially consistent with the ordinary modes of proceeding on the chancery side of the federal courts, no reason exists why it should not be pursued in the same form as in the state court.'

"In the case before us, the proceeding, though special in its form, is in its nature but the application of a well-known chancery remedy; it acts upon the land, and may be conclusive as to the title of a citizen of another State. He is therefore entitled to have his suit tried in this court, under the same condition as in other suits or controversies.

"In the petition to remove this case from the state court, there was not a proper averment as to the citizenship of the plaintiff in error. It alleged that Parker 'resided' in Tennessee, and White in Maryland. 'Citizenship' and 'residence' are not synonymous terms; but as the record was afterwards so amended as to show conclusively the citizenship of the parties, the court below had, and this court have, undoubted jurisdiction of the case.

"What we have already stated sufficiently shows the nature of the present controversy. The decree appealed from 'adjudges the absolute title to the land to pass and be con-

firmed to, and vest in, said William Overman, his heirs, etc., free, clear, and discharged from the claim of said defendants, and all persons whatsoever; and that the said sale thereof for taxes, so made by the sheriff of Dallas county to said Overman, is hereby confirmed in all things, and said defendants perpetually enjoined from setting up or asserting any claim thereto, etc.'

"The plaintiffs in error allege that this decree is erroneous, and should have been for defendants below."

The court then proceeded to consider the case on its merits, and held that the sale of the land of the appellants, Parker and White, was "contrary to law" and that the deed from the Sheriff and Collector of Dallas County to the appellee was void, and should be annulled.

It will be noted that in Parker, supra, the court did not discuss the question that is now before the court, and in deciding the jurisdictional question merely said that " 'citizenship' and 'residence' are not synonymous terms; but as the record was afterwards so amended as to show conclusively the citizenship of the parties, the court below had, and this court have, undoubted jurisdiction of the case."

The case was of great public interest and one that involved titles to real property in Arkansas which had been a member of the Union only 19 years. It was important to the entire state as well as to the parties that the statutory law of Arkansas for confirming a title based upon a sale for the nonpayment of taxes should be construed definitely. When the nature of the case, the fact that more than a century has elapsed since the decision, and the policy of Congress to restrict removals are considered, this court cannot accept the Parker decision as determinative of the issue presently before the court.

In 1A Moore's Federal Practice, page 75, the author states:

"For seventy-five years or more, the courts have construed the re-moval statutes to effectuate the congressional purpose generally to restrict the jurisdiction of the federal courts on removal; and to that end have construed the removal statutes strictly and, on the whole, against the right of removal."

For a discussion of cases, see Pan American Petroleum Corp. v. Cities Service Gas Company (D.Kan.1958), 182 F. Supp. 439.

In Shamrock Oil & Gas Corp. v. Sheets (1941), 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214, the court at page 108 of 313 U.S., at page 872 of 61 S.Ct. said:

"Not only does the language of the Act of 1887 evidence the Congressional purpose to restrict the jurisdiction of the federal courts on removal, but the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation."

In 1 Barron and Holtzoff, Federal Practice and Procedure, the learned authors at page 460 state:

"It is said that the trend of the decisions is to restrict and limit the removal jurisdiction of the federal courts. Certainly there is ample case support for the proposition that removal statutes will be strictly construed."

The defendant cites and relies upon Kinney v. Columbia Savings & Loan Association (1903), 191 U.S. 78, 24 S.Ct. 30, 48 L.Ed. 103, discussed by the court in its opinion of December 18, 1962. He also cites Howard v. De Cordova (1900), 177 U.S. 609, 20 S.Ct. 817, 44 L.Ed. 908; Realty Holding Company v. Donaldson (1925), 268 U.S. 398, 45 S.Ct. 521, 69 L.Ed. 1014; and National Farmers Union Property & Casualty Co. v. Fisher (8 Cir., 1960), 284 F.2d 421.

The last four named cases were commenced in the United States District Court. The defendant has quoted Judge Sanborn, speaking for the court, in National Farmers Union Property & Casu-

alty Company, at page 422 of 284 F.2d, as follows:

> "The complaint alleged diversity of residence, rather than diversity of citizenship. The record as a whole is convincing that diversity of citizenship did in fact exist. We feel justified in treating the complaint as having been amended to conform to the proof in that regard. We shall appreciate it if the trial judges will carefully scrutinize, and have corrected if necessary, those allegations of the pleadings which are essential to establish federal diversity jurisdiction in cases such as this. See Texaco-Cities Service Pipe Line Co. v. Aetna Casualty & Surety Co., 8 Cir., 283 F.2d 144."

He construes the language of Judge Sanborn as constituting an authority for this court to permit him to amend the petition for removal.

█ It is well recognized that a federal court may, pursuant to 28 U.S.C. § 1653, permit a party to amend "defective allegations of jurisdiction" in suits commenced in the district court, but the statute does not purport to permit the amendment of a petition for removal which contains no "allegations of jurisdiction." The defendant also relies upon Firemen's Insurance Company of Newark, N. J. v. Robbins Coal Company (5 Cir., 1961), 288 F.2d 349, which approved an amendment to a petition for removal in order adequately to allege grounds of diversity jurisdiction. In that case the petition for removal alleged diversity in the following terms:

> " 'Petitioner further shows that the plaintiff, Robbins Coal Company, Inc., a corporation, at the time of the beginning of said action and ever since has been and still is a citizen of the State of Alabama; that the petitioner, the defendant in this cause, at the beginning of said action and ever since has been and still is a corporation organized and existing under and by virtue of the laws of the State of New Jersey, and is a citizen of said State; that the controversy in said cause of action is entirely between citizens of different states; * * *.' "

The court held that the allegation was "defective," but at page 350 of 288 F.2d stated:

> " * * * The general allegation in the original petition for removal in this case, 'that the controversy in said case is entirely between citizens of different states,' although conclusionary in nature and possibly not sufficient if not amended, is sufficient to confer jurisdiction on the federal courts to permit the curing of the defect by amendment. See Kinney v. Columbia Savings & Loan Ass'n, supra."

In 1 Barron and Holtzoff, Federal Practice and Procedure, beginning at page 519 it is said:

> "The petition must show the facts on which jurisdiction rests where they do not appear from the pleadings in the state court. It must be verified, and must contain a short and plain statement of the facts which entitle the petitioners to removal. Defects in a petition for removal may generally be cured by amendment. Prior to the expiration of the period for removal it is freely amendable in any respect. Thereafter it can be amended only to state more specifically that ground for removal which is already imperfectly stated."

The defendant cites other cases which it is unnecessary to mention or discuss. However, the court, out of respect for the able attorneys for the defendant, has reviewed its opinion in accordance with which the order of remand was entered, and has examined all the decisions cited in the defendant's brief, but is convinced that the conclusion reached by the court when the order of remand was entered is in accordance with the law, and that it does not lie within the court's discretion to permit defendant at this late date to amend his petition for removal,

and the motion for leave to amend the petition for removal should be denied.

■■■ There is another reason why the motion should be denied. Under the common law, federal courts, as well as other courts, possess a broad power to deal with situations, where in justice and good conscience, relief should be granted for a manifest error, and that power, within proper limitations, is yet inherent in all courts of record and may be exercised by the court, either on its own motion or on motion or suggestion by a party or interested person in a proper case.

In Bucy v. Nevada Construction Co. (9 Cir., 1942), 125 F.2d 213, the court at page 217 said:

" '* * * When the court grants a motion to remand it is the practice to enter an order to that effect. Judicial Code, § 28, [28 U.S.C.A. § 71], provides that "whenever any cause shall be removed from any State court into any district court of the United States, and the district court shall decide that the cause was improperly removed, and order the same to be remanded to the State court from whence it came, such remand shall be immediately carried into execution." It is therefore unlikely that the federal court has power, even at the same term, to vacate an order of remand after it has been executed by the filing in the state court of a certified copy of the order. But before the order is executed the court may, in its discretion, grant a rehearing upon sufficient cause shown.' "

The court has heretofore referred to 28 U.S.C. § 1447(c), which requires the Clerk of the Court to mail to the Clerk of the State court, a certified copy of the order of remand, and to the fact that the Clerk of this Court mailed such certified copy to the Clerk of the State court on December 18, 1962, the day the order of remand was entered.

Subsection (d) of Section 1447 provides:

"An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."

In 1A Moore's Federal Practice, 2d Ed., at page 1452, the author states:

"Subsection (d) of Section 1447 means exactly what it says. Subject to a minor statutory exception, the district court's remand order is non-reviewable by appeal, including an interlocutory appeal under Section 1292(b); by mandamus; or by any indirect method."

On page 1458 it is stated:

"Although the district court's remand order is not reviewable, this does not mean it is instantly irrevocable. Under the prior statute, despite the strong language to the effect that when the district court orders the case remanded 'such remand shall be immediately carried into execution,' it was held that this did not instantly deprive the district court of jurisdiction. This meant that steps were to be taken promptly to carry the remand into effect, but until these steps were taken the district court had power to vacate its order. This is true under the present statute since it does not command immediate execution of the remand order."

However, the remand order was executed by the Clerk of the Court on December 18, 1962, and upon receipt by the Clerk of the State court of the certified copy of the order, the State court was authorized to proceed with the case.

In Application of Rosenthal-Block China Corporation (2 Cir., 1960), 278 F.2d 713, Chief Judge Lumbard, speaking for the court, at page 714 said:

"Section 1447(d) of the Judicial Code states that 'an order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise.' The section

expresses a long respected policy of Congress, which had its origins in the Judiciary Act of 1887, 24 Stat. 552. 'Congress,' the Supreme Court has said, 'by the adoption of these provisions * * * established the policy of not permitting interruption of the litigation of the merits of a removed cause by prolonged litigation of questions of jurisdiction of the district court to which the cause is removed.' United States v. Rice, 1946, 327 U.S. 742, 751, 66 S.Ct. 835, 839, 90 L.Ed. 982. This policy has been furthered not only by the refusal of the appellate courts to hear appeals from orders of remand, see [Chicago & A.] Railroad Co. v. Wiswall, 1875, 23 Wall. 507, 23 L.Ed. 103, but also by their refusal to entertain a petition for mandamus to review such an order, see United States v. Rice, supra, or to allow appeal under the interlocutory appeals statute, 28 U.S.C. § 1292(b), from such an order, see In re Bear River Drainage District, 10 Cir., 1959, 267 F.2d 849. Grant of a stay of an order of remand, whether itself within the prohibition of § 1447(d) or not, is squarely in conflict with the policy of this section."

In Ausbrooks v. Western Union Telegraph Co. (D.C.Tenn.1921), 282 F. 733, the court said at page 734:

"Section 28 of the Judicial Code (derived from the Act of March 3, 1887, c. 373, 24 Stat. 552, 553 [Comp. St. § 1010]), provides that when a District Court decides that a cause has been improperly removed from a State court and orders it to be remanded thereto 'such remand shall be immediately carried into execution.' When a remanding order is entered by the Federal court, the State court is thereby 'reinvested with jurisdiction,' which cannot be defeated by another removal upon the same grounds. St. Paul [& C.] Railroad v. McLean, 108 U.S. 212, 213, 217, 2 Sup.Ct. 498, 27 L.Ed. 703. A different construction of the statute might work injurious delays in the preparation and trial of causes. 108 U.S. at page 217, 2 Sup. Ct. 498, 27 L.Ed. 703. No action of the State court is required to reinstate it therein. Winchell v. Coney, 54 Conn. 24, 32, 5 Atl. 354. The remanding order entered herein, providing that this cause 'be, and is, remanded to the Circuit Court of Davidson County,' having ex propria vigore reinvested the State court with jurisdiction, necessarily terminated the jurisdiction of this court. And having thus lost jurisdiction of the cause, it is now without authority to vacate the remanding order. 34 Cyc. 1327. The general power of a court to remand or vacate orders, judgments and decrees at any subsequent day of the term at which they were rendered, does not extend to cases in which the jurisdiction of the court has been completely exercised and its authority ended. Ex parte Lange, 18 Wall. 163, 178, 21 L.Ed. 872."

This court in the case of Poindexter v. Gross & Janes Company (W.D.Ark. 1958), 167 F.Supp. 151, considered the question of whether a court had the power to reconsider an order of remand after the order had been executed in accordance with 28 U.S.C. § 1447(c), and beginning at page 153 said:

"No new ground for removal has arisen since the order remanding the cause was entered, and only one removal is permitted on the same grounds unless some act of the plaintiff presents new grounds after removal. In Jones v. Mosher, 8 Cir., 107 F. 561, the court held that once remand is made, the petition for removal is 'functus officio.'

"In United States v. Rice, 327 U.S. 742, 66 S.Ct. 835, 90 L.Ed. 982, the court held that when remand is made, jurisdiction of the federal court is fully divested and the state court acquires sole jurisdiction. At page 749 of 327 U.S., at page 838 of 66 S.Ct., in discussing the effect

of an order remanding a cause to the state court, the Court said:

" 'Each loses, by the order, such right as there may be to litigate the case in the federal courts on removal, but both retain such rights as they may have to continue the litigation in the state court or to bring an independent suit in the federal courts.'

"In the case of City of Waco, Texas v. United States Fidelity & Guaranty Company, 5 Cir., 1933, 67 F.2d 785, the trial court dismissed a cross complaint of one of the several parties and at the same time remanded the suit against the City of Waco to the state court. At page 786 of 67 F.2d the court said:

" 'The order complained of here would be [appealable], but for the fact that the entry of the remanding order rendered the order appealed from ineffective for want of jurisdiction, made moot all further proceedings in the federal court, and left the cause to stand and continue in the state court as though it had not been removed. Hammond Hotel & Imp. Co. v. Finlayson, 7 Cir., 6 F.2d 446; Wabash R. Co. v. Lindley, 8 Cir., 29 F.2d 829; National Farmers' Bank of Owatonna, Minn. v. Moulton, 8 Cir., 32 F.2d 78; Floody v. Chicago, St. P., M. & O. R. Co., 104 Minn. 132, 116 N.W. 111; Levinski v. Middlesex Banking Co., 5 Cir., 92 F. 4–9. And this is true whether abstractly the order of remand was rightly or wrongly entered. In re Matthew Addy Steam Ship & Commerce Corp., 256 U.S. 417, 41 S.Ct. 508, 65 L.Ed. 1027. For by statute that order is conclusive on state and federal courts, and neither may in any way or at any time question it, or examine into its grounds. Howell v. Hartford Accident & Indemnity Co., 160 S.C. 549, 159 S.E. 380; Powers v. Chesapeake & O. R. Co., 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673. Relief against it can be had neither by appeal, Humphreys v. Love, 5 Cir., 61 F.2d 908; nor by mandamus, Wabash R. Co. v. Woodrough, 8 Cir., 29 F.2d 832; In re Matthew Addy Steam Ship & Commerce Corp., supra. The mandate of the statute, that an order of remand shall be final, so that neither directly nor by any form of indirection, either it or the grounds on which the order was based may be reviewed, is absolute and comprehensive. Gurnee v. Patrick County, 137 U.S. [141] 144, 11 S.Ct. 34, 34 L.Ed. 601; Yankaus v. Feltenstein, 244 U.S. 127, 133, 37 S.Ct. 567, 61 L.Ed. 1036; Chicago, St. P., M. & O. R. Co. v. Hensley, 8 Cir., 25 F.2d 861; Marchant v. Mead-Morrison Mfg. Co., 2 Cir., 11 F.2d 368; Pacific Live Stock Co. v. Lewis, 241 U.S. 440, 36 S.Ct. 637, 60 L.Ed. 1084.'

"Ordinarily a court has inherent power to vacate or modify its own orders upon a timely application for such order, but because of the rule that the federal court loses jurisdiction after remand and the petition for removal becomes 'functus officio', the court is without jurisdiction to set aside an order remanding the cause to the state court. Particularly is this true if the state court has been notified of the entry of the order remanding the case to it. Bucy v. Nevada Construction Co., 9 Cir., 1942, 125 F.2d 213. The record shows that the Clerk of this Court filed a certified copy of the order with the Clerk of the Circuit Court of Ouachita County, Arkansas, on October 14, 1958, the date of its entry."

■ The court is convinced that it was correct in remanding the case. It is also of the opinion that after the order of remand has been executed, the court has exhausted its jurisdiction and the case must remain in the court to which it was remanded unless some new ground for removal arises.

148

Therefore an order is being entered today setting aside and holding for naught the order of December 21, 1962, and denying the motion of defendant for leave to amend the petition for removal.